IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| MARY KIRKENDOLL, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| CITY OF SMYRNA, | ) | CIVIL ACTION FILE |
| MAX BACON, Mayor, | ) | NO. _____ |
| RANDY BLACK, and | ) | |
| OFFICERS WILLIAMS, | ) | |
| OWENS, THACKER, | ) | |
| HUTTO, MILLSAPS, and | ) | |
| BRANYON, Officers of the City of | ) | |
| Smyrna Police Department, | ) | |
| | ) | |
| Defendants. | ) | |

## VERIFIED COMPLAINT

Plaintiff Mary Kirkendoll (hereinafter "Ms. Kirkendoll") hereby brings this

Complaint seeking damages and declaratory and injunctive relief for the violations

of her First and Fourth Amendment rights under the United States Constitution and

corollary rights under the Georgia Constitution, and for her false imprisonment,

false arrest, and harassment by Smyrna Police during and after her lawful political

comments during a Smyrna Town Hall meeting.

1

## JURISDICTION AND VENUE

1.

This action arises under the authority vested in this Court by virtue of 42 U.S.C. § 1983, 42 U.S.C. § 1985, 28 U.S.C. § 1331, 28 U.S.C. § 1343 and 28 U.S.C. § 1367 (pendent jurisdiction). Venue is proper in this Court.

## PARTIES AND SERVICE

2.

Plaintiff, Mary Kirkendoll, is a resident of the City of Smyrna, Georgia, who was unlawfully arrested for speaking at a Smyrna Town Hall meeting.

3.

Defendant City of Smyrna is a city chartered under the laws of the State of Georgia, and is subject to the jurisdiction and venue of this Court. Service of process may be effected upon Mayor Max Bacon or City Administrator Eric Taylor. Service of the Summons and Verified Complaint may be acknowledged. If Defendant City of Smyrna does not acknowledge service, service may be perfected as allowed by law.

4.

Defendant Max Bacon was at all times herein mentioned the Mayor of the City of Smyrna. In that capacity he was acting under color of state law during the relevant acts and omissions alleged herein. He is being sued herein in his individual and in his

official capacity.   Service of the Summons and Verified Complaint may be acknowledged.  If Defendant Max Bacon does not agree to acknowledge service, service may be perfected as allowed by law.

5.

Defendant  Randy Black was at all times herein mentioned a police officer of the City of Smyrna Police Department.  In that capacity he was acting under color of state law during the relevant acts and omissions alleged herein.  He is being sued herein in his individual capacity.  Service of the Summons and Verified Complaint may be acknowledged.  If Defendant Randy Black does not agree to acknowledge service, service may be perfected as allowed by law.

6.

Defendant  Officer Williams was at all times herein mentioned a police officer of the City of Smyrna Police Department.  In that capacity he was acting under color of state law during the relevant acts and omissions alleged herein.  He is being sued herein in his individual capacity.  Service of the Summons and Verified Complaint may be acknowledged.  If Defendant Officer Williams does not agree to acknowledge service, service may be perfected as allowed by law.

7.

Defendant  Officer Owens was at all times herein mentioned a police officer of

3

the City of Smyrna Police Department. In that capacity he was acting under color of state law during the relevant acts and omissions alleged herein. He is being sued herein in his individual capacity. Service of the Summons and Verified Complaint may be acknowledged. If Defendant Officer Owens does not agree to acknowledge service, service may be perfected as allowed by law.

8.

Defendant Officer Thacker was at all times herein mentioned a police officer of the City of Smyrna Police Department. In that capacity he was acting under color of state law during the relevant acts and omissions alleged herein. He is being sued herein in his individual capacity. Service of the Summons and Verified Complaint may be acknowledged. If Defendant Officer Thacker does not agree to acknowledge service, service may be perfected as allowed by law.

9.

Defendant Officer Hutto was at all times herein mentioned a police officer of the City of Smyrna Police Department. In that capacity he was acting under color of state law during the relevant acts and omissions alleged herein. He is being sued herein in his individual capacity. Service of the Summons and Verified Complaint may be acknowledged. If Defendant Officer Hutto does not agree to acknowledge service, service may be perfected as allowed by law.

4

10.

Defendant Officer Millsaps was at all times herein mentioned a police officer of the City of Smyrna Police Department. In that capacity he was acting under color of state law during the relevant acts and omissions alleged herein. He is being sued herein in his individual capacity. Service of the Summons and Verified Complaint may be acknowledged. If Defendant Officer Millsaps does not agree to acknowledge service, service may be perfected as allowed by law.

11.

Defendant Officer Branyon was at all times herein mentioned a police officer of the City of Smyrna Police Department. In that capacity he was acting under color of state law during the relevant acts and omissions alleged herein. He is being sued herein in his individual capacity. Service of the Summons and Verified Complaint may be acknowledged. If Defendant Officer Branyon does not agree to acknowledge service, service may be perfected as allowed by law. Defendants Randy Black and Officers Williams, Owens, Thacker, Hutto, Millsaps, and Branyon are hereinafter collectively referred to as the "Defendant Officers."

5

## FACTUAL ALLEGATIONS

12.

Ms. Kirkendoll is a longtime resident of the City of Smyrna (hereinafter "the City").

13.

Ms. Kirkendoll frequently made public comments regarding her concern over depressed home prices and poor quality of life within the City, which Ms. Kirkendoll attributed to the influx of illegal immigrants into the City and the vacant lots of property purchased by local developers but left undeveloped.

14.

Ms. Kirkendoll publicly commented on these issues by writing letters to the Marietta Daily Journal, staging peaceful protests on public property, and by attending numerous city council meetings and making statements to the City Council.

15.

Smyrna Mayor Max Bacon publically chastised Ms. Kirkendoll for her critical comments and political activities. At one council meeting, he called Ms. Kirkendoll "vile" and stated that he "wish[ed] she would move" away from Smyrna.

16.

Smyrna Jail Manager Black also chastised Ms. Kirkendoll when she went to the

jail to retrieve public records. He loudly called Ms. Kirkendoll a "racist," "bigot," and "troublemaker" within earshot of several jail employees.

17.

The City of Smyrna has historically had a public comment section during Council meetings for citizen input on issues affecting the City. However, Plaintiff and other citizens objected that there was never a time when the Council would respond to questions during council meetings.

18.

Due to public demand for a question-and-answer session with Council members, the Council scheduled a Town Hall meeting for April 21, 2009, at the Smyrna Community Center.

19.

A "question/answer session" was scheduled for the "close of the presentation." Attendees were to "submit written questions which [would] be addressed immediately following intermission."

20.

The "question/answer session" of the Smyrna Town Hall meeting constitutes a "public forum" within the meanings of the United States and Georgia Constitutions.

21.

On April 21, 2009, Ms. Kirkendoll rode to the Town Hall meeting with her friend, Jill Benson.

22.

When Ms. Kirkendoll arrived at the Town Hall meeting at about 6:15 PM, she signed in the attendance sheet. Ms. Kirkendoll and Ms. Benson then staged a peaceful protest outside the City Hall on the public sidewalk. They held signs that stated their concerns regarding City government.

23.

At about 6:45 PM, Ms. Kirkendoll and Ms. Benson went back inside City Hall. They left their signs outside as they were directed to do.

24.

Ms. Kirkendoll was given a note card on which to write her questions for the Council. Ms. Kirkendoll was informed that the note cards would be collected and selected questions would be read aloud.

25.

Before the meeting began, and while numerous other meeting-goers were standing about the room and engaged in conversation, Ms. Kirkendoll spoke with Marc Picard of WXIA 11 News, the moderator for the meeting. While Ms. Kirkendoll

was speaking to Mr. Picard, Jennifer Bennett, Director of Communications for the City of Smyrna, tersely instructed Ms. Kirkendoll to sit down immediately. Ms. Bennett threatened to have Ms. Kirkendoll escorted out of the meeting if she did not comply. Ms. Bennett did not instruct the other people to sit down or be quiet.

26.

Ms. Kirkendoll promptly sat down in the second row. The Town Hall meeting began with a 45-minute public relations presentation about the City of Smyrna. Following intermission, the meeting reconvened with the scheduled question-and-answer session. Questions submitted by attendees were read from the note cards.

27.

The Council had carefully selected only questions directed to a favorable viewpoint for the City. The question and answer session was designed solely to put the City in a positive light.

28.

Ms. Kirkendoll's question was bypassed because it was not of the viewpoint desired by the City. Frustrated with the City's failure to address the tough issues, Ms. Kirkendoll and Ms. Benson decided to leave the meeting.

29.

Ms. Kirkendoll and Ms. Benson walked quietly to the back of the room towards

the exit.

30.

While walking towards the exit door, Ms. Kirkendoll passed Mayor Max Bacon. She initially stated, "You win tonight, Mayor."

31.

As she continued toward the exit, Ms. Kirkendoll turned to the audience and stated, "This is bullshit – they are never going to tell the truth."

32.

Ms. Kirkendoll continued to proceed to the exit, walking past numerous rows of seats. After she had walked about fifteen feet past her chair and towards the exit, a man dressed in khakis and a plain shirt approached her from behind and grabbed her arm.

33.

The man aggressively pulled Ms. Kirkendoll out of the auditorium by her arm, stating "You're coming with me." The man squeezed Ms. Kirkendoll's arm so tightly that he bruised her arm.

34.

Ms. Kirkendoll told the man she was leaving on her own and there was no need to escort her out.

10

35.

The man continued to pull Ms. Kirkendoll out the door and repeatedly stated, "Quit resisting."

36.

At this point, the man identified himself as a police officer.

37.

Upon information and belief, the officer was Officer G.F. Williams.

38.

A uniformed police officer joined the unidentified officer in plain clothes and assisted him in escorting Ms. Kirkendoll out the building.

39.

Ms. Kirkendoll again explained that she was leaving the meeting voluntarily and she wanted to pick up the signs she had left outside the meeting room.

40.

The plain-clothes officer then handcuffed Ms. Kirkendoll and told her she was going to jail.

41.

Ms. Kirkendoll was placed in the back of a police car and taken to jail.

42.

Ms. Kirkendoll was searched at the jail by an unknown female police officer. She was then questioned for about 30 minutes by another officer.

43.

Ms. Kirkendoll was then held in a jail cell until she was released on her own recognizance by 10:00 p.m.

44.

Plaintiff was held illegally for over two hours.

45.

The search and arrest of Ms. Kirkendoll was without probable cause or reasonable suspicion of criminal activity and was intended to chill her speech and serve as retribution for her negative comments.

46.

Ms. Kirkendoll was issued a citation pursuant to Smyrna Local Ordinance § 66-3 for disorderly conduct for "cursing in front of women and children" and "refus[ing] to be escorted out of the building." Smyrna Local Ordinance § 66-33 defines disorderly conduct as, among other things, the use of "obscene, vulgar or profane language within the city." This ordinance is vague, overbroad, and violates the First and Fourteenth Amendments.

12

47.

Officer Williams falsely noted in his subsequent arrest report that Ms. Kirkendoll smelled of alcohol. The arrest report falsely states that Ms. Kirkendoll twice stated, "This is bullshit!" in front of members of the general public and small children.

48.

Ms. Kirkendoll was not under the influence of alcohol at <u>any</u> point during the course of the evening.

49.

At the time Defendants prepared a false arrest report, they lacked even arguable probable cause and were aware, or reasonably should have been aware, first, that charging Ms. Kirkendoll for violating Smyrna Local Ordinance § 66-3 constituted an unconstitutional violation of her right to free speech as guaranteed by the First Amendment to the United States Constitution and, second, that they were knowingly false in accusing her of drinking alcohol.

50.

Defendants caused the criminal charges to be filed against Ms. Kirkendoll in retaliation for her vocal criticism of the City of Smyrna and its officials during the April 21, 2009, Town Hall meeting and her prior criticisms made to the City Council

and to the newspaper.

51.

As a result of the outrageous and unlawful conduct by Defendants alleged herein and the enforcement of an unconstitutional ordinance, Ms. Kirkendoll suffered – and still continues to suffer – emotional distress.

52.

Ms. Kirkendoll is fearful of exercising her constitutionally protected rights to free speech and to petition the government.  She no longer feels safe.

53.

The Solicitor of the City of Smyrna's Municipal Court continued to push the illegal and false arrest of Ms. Kirkendoll and refused to dismiss the charges. In order to have the matter adjudicated in an environment where Ms. Kirkendoll would be afforded the protections of the U.S. and Georgia Constitutions, her counsel of record demanded a jury trial which resulted in the criminal prosecution being transferred to the Honorable Barry Morgan, Solicitor General of Cobb County.

54.

Despite repeated pleas to nolle prosse the charges, the Assistant Attorney assigned to the case insisted that counsel had to file a motion and brief, and ultimately scheduled a hearing as to the constitutionality of the statute before counsel was able to

persuade the District Attorney Barry Morgan to look at the brief and pertinent case law. After the parties consented to postpone oral arguments on the issue, the District Attorney Barry Morgan presented to the Honorable Craig Bower, Judge of the State Court of Cobb County, a Motion to Nolle Prosse, or dismiss, the false charges and accusations against Ms. Kirkendoll.

55.

The Honorable Craig Bower signed an order dismissing the false charges.

## CLAIMS FOR RELIEF

## COUNT ONE

## VIOLATION OF THE FIRST AMENDMENT PURSUANT TO 42 U.S.C. § 1983 (Ordinance is unconstitutionally vague and overbroad on its face)

56.

The allegations of paragraphs 1 through 55 are incorporated into the First Claim for Relief as though fully set forth herein.

57.

Defendants violated Ms. Kirkendoll's First Amendment rights of free speech in arresting her under a facially invalid ordinance, Smyrna Local Ordinance § 66-33, that purports to prohibit the use of "obscene, vulgar or profane language within the city." "Vulgar" or "profane" language often is essential to political speech and other forms of criticism and lies at the core of what is protected by the First

15

Amendment. A statute purporting to criminalize such speech is facially invalid for

overbreadth and therefore constitutes a deprivation of liberty without due process

of law in violation of the Due Process clause of the Fourteenth Amendment.

58.

The fact that Smyrna Local Ordinance § 66-33 violated the First

Amendment was a clearly established law of which a reasonable law enforcement

officer would have known. Indeed, the United States Supreme Court has held that

under the First and Fourteenth Amendments, the government may not criminalize

the "simple" utterance of a "single... expletive." Cohen v. California, 403 U.S. 15,

26 (1971).

59.

In violating Plaintiff's rights under the First Amendment to the United

States Constitution, Defendants directly and proximately caused Plaintiff to suffer

unlawful arrest, detention, search of her person, anguish, embarrassment, and

humiliation.

## COUNT TWO

## VIOLATION OF THE FIRST AMENDMENT PURSUANT TO 42 U.S.C. § 1983 (Retaliation)

60.

The allegations of paragraphs 1 through 59 are incorporated into the Second Claim for Relief as though fully set forth herein.

61.

Defendants actively initiated and procured the arrest and prosecution of Ms. Kirkendoll in a criminal action in retaliation for her vocal criticism of the City of Smyrna and its officials during the April 21, 2009, Town Hall meeting and her ongoing and prior criticisms to the City Council and to the media.

62.

Defendants acted without even arguable probable cause in initiating and procuring the arrest of Ms. Kirkendoll.

63.

Defendants acted with malice in initiating and procuring the arrest of Ms. Kirkendoll.

64.

Defendants' retaliatory acts violated Ms. Kirkendoll's rights under the First Amendment of the United States Constitution.

17

65.

In violating Ms. Kirkendoll's rights under the First Amendment to the United States Constitution, Defendants directly and proximately caused her to suffer unlawful arrest, detention, search of her person, anguish, embarrassment and humiliation.

## COUNT THREE

## VIOLATION OF THE FOURTH AMENDMENT PURSUANT TO 42 U.S.C. § 1983

66.

The allegations of paragraphs 1 through 65 are incorporated into the Third Claim for relief as though fully set forth herein.

67.

Defendants violated Ms. Kirkendoll's Fourth Amendment right to be free of unlawful seizure of the person in arresting her without even arguable probable cause to believe that she had committed a crime. But for application of the facially invalid Smyrna Local Ordinance § 66-33, Defendants could not have arrested Ms. Kirkendoll.

18

68.

That there can be no arguable probable cause to arrest for a nonexistent

crime was a clearly established law of which a reasonable law enforcement officer

would have known.  That the reported crime was nonexistent follows from the fact

that Smyrna Local Ordinance § 66-33 is unconstitutional for the reasons stated

above in ¶ 57, which are here incorporated by reference.  Defendants' arrest of Ms.

Kirkendoll was objectively unreasonable.

69.

In violating Ms. Kirkendoll's rights under the Fourth Amendment to the

United States Constitution, Defendants directly and proximately caused Ms.

Kirkendoll to suffer unlawful arrest, detention, anguish, embarrassment and

humiliation.

70.

The overwhelming majority of ordinance violations are dealt with by citation

and not by arrest.  The fact that the Mayor directed, and that the Defendant Officers

used, the most extreme measure -- an unlawful detention of Ms. Kirkendoll's liberty --

for such a minor ordinance violation shows the true motivation of the named

defendants in this action.

## COUNT FOUR

## VIOLATION OF 42 U.S.C. § 1985 (Conspiracy to Violate Civil Rights)

71.

The allegations of paragraphs 1 through 70 are incorporated into the Fourth Claim for relief as though fully set forth herein.

72.

Defendants Max Bacon and the City of Smyrna conspired with Defendant Officers of the City of Smyrna Police Department to violate Ms. Kirkendoll's First Amendment civil rights.

## COUNT FIVE

## FALSE IMPRISONMENT

73.

The allegations of paragraphs 1 through 72 are incorporated into the Fifth Claim for relief as though fully set forth herein.

74.

By detaining Ms. Kirkendoll without legal authority, Defendants falsely imprisoned her in violation of O.C.G.A. § 16-5-41.

## COUNT SIX

## FALSE ARREST

75.

The allegations of paragraphs 1 through 74 are incorporated into the Sixth

Claim for relief as though fully set forth herein.

76.

By maliciously arresting Ms. Kirkendoll under process of law, without probable

cause, Defendants falsely arrested her in violation of O.C.G.A. § 51-7-1.

## COUNT SEVEN

## MALICIOUS PROSECUTION

77.

The allegations of paragraphs 1 through 76 are incorporated into the Sixth

Claim for relief as though fully set forth herein.

78.

The City of Smyrna continued the violation of Ms. Kirkendoll's

Constitutional rights by insisting that it wished to pursue this matter despite being

presented with the facts and the law.

79.

The City of Smyrna thereby violated O.C.G.A. § 51-7-44 and maliciously prosecuted Ms. Kirkendoll in furtherance of the desires of the other defendants wrongfully and in violation of Ms. Kirkendoll's Constitutional rights.

## **PRAYERS FOR RELIEF**

WHEREFORE, on the basis of the foregoing, Plaintiff prays that this Court:

(1)     Enter an award of economic, compensatory, general, and special damages in an amount to be determined by the enlightened conscience of the jury against defendants City of Smyrna, et al;

(2)     Enter a preliminary and permanent injunction against Defendants, their officers, agents, successors, employees, attorneys, and those acting in concert with them, from any future, non-pending prosecution under the unconstitutional ordinance;

(3)     Award Ms. Kirkendoll punitive damages in the amount to be determined by the enlightened conscience of the jury against defendants City of Smyrna, et al;

(4)     Grant to Plaintiff a jury trial on all issues so triable;

(5)      Award to Plaintiff the costs of the action and reasonable attorney's fees, as provided by 42 U.S.C. § 1988 and federal and state law;

(6)    Grant any and all additional relief as this Court deems proper and just.

DATED: This 21st day of April, 2011.

By:    /s/Cynthia L. Counts
Cynthia L. Counts, Esq.
Georgia Bar No. 190280

Counts Law Group
400 Colony Square, Suite 2020
1201 Peachtree Street, NE
Atlanta, Georgia 30361
Telephone: (404)685-8271
Facsimile: (404)521-0413
Email: ccounts@lawcounts.com

/s/Kenneth B. Hodges, III
Kenneth B. Hodges, III, Esq.
Georgia Bar No. 359155

Ashe, Rafuse & Hill, LLP
1355 Peachtree Street, N.E.
Suite 500
Atlanta, GA 30309
Telephone: (404) 253-6005
Facsimile: (404) 253-6060
Email: kenhodges@asherafuse.com

/s/ W. Gerald Weber
W. Gerald Weber, Esq.
Georgia Bar No. 744878

Law Offices of Gerry Weber, LLC
Post Office Box 5391
Atlanta, Georgia 31107
Telephone: (404) 522-0507
Email: wgerryweber@gmail.com

## Local Rule 7.1(D) Certificate

This is to certify that the foregoing VERIFIED COMPLAINT has been prepared with one of the font and point selections approved by the Court in LR 5.1B: Times New Roman, 14 point.

/s Cynthia L. Counts
Cynthia L. Counts, Esq.

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

MARY KIRKENDOLL,              )
                              )
Plaintiff                     )
                              )
v.                            )
                              )
CITY OF SMYRNA,               )        CIVIL ACTION FILE
MAX BACON, Mayor,             )        NO.
RANDY BLACK, and              )
OFFICERS WILLIAMS,            )
OWENS, THACKER,               )
HUTTO, MILLSAPS, and          )
BRANYON, Officers of the City of  )
Smyrna Police Department,     )
                              )
Defendants.                   )

## VERIFICATION

I, Mary Kirkendoll, personally appeared before the undersigned notary public, and

say under oath that I am the Plaintiff in the above-styled action and that the facts stated in the

Complaint are true and correct to the best of my knowledge and belief.

DATED this ___ day of April, 2011

Mary Kirkendoll

SWORN to and SUBSCRIBED
Before me this ___ day of
_____ 2011.

_____
Notary Public

My Commission Expires: _____