IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| MARY KIRKENDOLL, | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| v. | ) CIVIL ACTION |
| | ) FILE NO. 1:11-cv-01306-CAP |
| CITY OF SMYRNA, | ) |
| MAX BACON, Mayor, | ) |
| RANDY BLACK, and | ) |
| OFFICERS WILLIAMS, | ) |
| OWENS, THACKER, | ) |
| HUTTO, MILLSAPS, and | ) |
| BRANYON, Officers of the City of | ) |
| Smyrna Police Department, | ) |
| | ) |
| Defendants. | ) |

**DEFENDANTS' REPLY BRIEF IN RESPONSE TO PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO DISMISS SECOND AMENDED COMPLAINT OR, IN THE ALTERNATIVE, MOTION TO STRIKE REDUNDANT AND IMMATERIAL MATTERS, AND MOTION TO DISMISS CONSPIRACY COUNT**

**I.  OVERVIEW**

In their motion, defendants the City of Smyrna, Georgia, Max Bacon, Randy Black, Gerald F. Williams, R. B. Owens, Brent Thacker, J. C. Hutto, Lou G. Millsaps and Steve Branyon assert that plaintiff's second amended complaint is replete with irrelevant factual and legal conclusions, including a You Tube video hyperlink, video still captures, allegations based solely on information and

belief, legal interpretations of federal and state law, and other immaterial and redundant matters.  In this regard, defendants assert that the second amended complaint does not comply with Rule 8(a)(2) of the Federal Rules of Civil Procedure which provides that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief."

Defendants have asserted in their motion that the second amended complaint is subject to dismissal, both for violating Rule 8(a)(2) and based on the prior Order of this Court requiring plaintiff to replead her complaint after filing two prior inappropriate shotgun pleadings.  Having failed to properly frame a complaint in compliance with the Federal Rules of Civil Procedure and Eleventh Circuit precedent on three occasions, twice in response to motions to dismiss and/or court order, defendants pray that the second amended complaint be dismissed or, in the alternative, that this Court strike or require plaintiff to delete all irrelevant and immaterial matters from the same.  In addition, defendants seek dismissal of the conspiracy count and related allegations based on the intra-corporate conspiracy doctrine.

Plaintiff's response to defendants' motion does not concede or even address defendants' assertion that the second amended complaint, one hundred and ninety-six paragraphs in length, contains irrelevant, redundant and

immaterial matters.  Instead, plaintiff simply argues that she has stated viable claims for relief.  The viability of the claims asserted is not the issue before this Court, except with regard to the conspiracy count.  Plaintiff's failure to address the issues raised by defendants regarding application of Rule 8 provides further support for defendants' position that this action be dismissed in its entirety.

Plaintiff's response to that portion of defendants' motion related to the civil rights conspiracy claim provides no legitimate argument to avoid the grant of defendants' Rule 12(b)(6) motion in this regard.  The plaintiff's sole response is that the intra-corporate conspiracy doctrine does not apply in the present action, "[b]ecause Defendants belong to separate departments within the government (i.e. police department and city council) instead of a single department within the government, Defendants cannot be characterized as a 'single legal entity.'"  Neither case mentioned by plaintiff, nor any other applicable case, supports the proposition asserted by plaintiff in this regard.  *See, Hollins v. Fulton County, 2011 WL 1331978 (11th Cir. 2011); Albra v. City of Fort Lauderdale, 232 Fed Appx. 885 (11th Cir. 2007).*

In *Albra, supra,* the Eleventh Circuit affirmed the dismissal of plaintiff's civil rights conspiracy claim, with prejudice, for three reasons, to-wit:  (1) plaintiff failed to allege that city employees agreed to violate his rights, (2) the

claim was supported only by vague allegations that a conspiracy existed, and (3) because the intra-corporate conspiracy doctrine barred the claim in any event because all alleged participants were employees of the City of Fort Lauderdale. *Id. at 891*. The *Albra* Court did not make any distinction between employees of different city departments in dismissing plaintiff's complaint with prejudice.

Similarly, in *Hollins, supra,* where the Eleventh Circuit dismissed a civil rights conspiracy claim against Fulton County and the Fulton County Sheriff, the decision does not address a factual situation in which the alleged conspirators worked for different county departments within the county. *See, McMillian v. DeKalb County, infra.* Moreover, no dicta is contained in the decision to support the proposition advanced by plaintiff that conspiracy claims asserted only against Smyrna employees are not barred by the intra-corporate conspiracy doctrine.

Eleventh Circuit and Northern District of Georgia precedent establishes that the intracorporate conspiracy doctrine bars civil rights conspiracy claims where all members of the alleged conspiracy are employees of the same city or county, regardless of whether they work in different departments. *See, Denney v. City of Albany, 247 F.3d 1172 (11th Cir. 2001)* (civil rights conspiracy claim against city, city manager, and fire chief barred by the intracorporate conspiracy

4

doctrine); *McMillan v. DeKalb County, 2005 WL 5121856, *5 (N.D.Ga. 2005)* (civil rights conspiracy claim against the Director of the DeKalb County Parks and Recreation Department, the Chief Executive Officer ("CEO") of DeKalb County, the CEO's executive assistant, the Director of Human Resources and an Assistant County Administrator barred by the intracorporate conspiracy doctrine inasmuch as plaintiff alleged "nothing more than a conspiracy between DeKalb County and its employees"). Accordingly, defendants respectfully submit that plaintiff's civil rights conspiracy claim, which alleges a conspiracy only between Smyrna employees, does not state a viable claim for relief and should be dismissed pursuant to Rule 12.

For all of the reasons set forth above and as discussed in defendants' original motion to dismiss and brief in support thereof, defendants respectfully pray that the grounds of their motion be inquired into and that said motion be sustained and granted; that this Court enter an Order dismissing plaintiff's complaint, with prejudice; that in the alternative, this Court either strike or require plaintiff to remove all redundant and immaterial allegations from her second amended complaint, including You Tube video links and screen captures; that plaintiff's conspiracy claim be dismissed for failure to state a

claim upon which relief can be granted; and that these defendants have such other and further relief as this Court deems just and proper in the circumstances.

The undersigned, in accord with L.R. 7.1 and 5.1(b) hereby certifies that the type of font used herein is 14-Point Times New Roman font.

This 2nd day of November, 2011.

/s/Harvey S. Gray
Harvey S. Gray
Georgia Bar No.: 305838
Matthew A. Ericksen
Georgia Bar No.: 304088
Attorneys for Defendants
the City of Smyrna, Georgia
Max Bacon, Randy Black,
Gerald F. Williams, R. B. Owens,
Brent Thacker, J. C. Hutto,
Lou G. Millsaps and Steve Branyon

**Gray, Rust, St. Amand, Moffett & Brieske, LLP**
1700 Atlanta Plaza
950 East Paces Ferry Road
Atlanta, Georgia 30326
(404) 870-7376 (Gray)
(404) 870-5955 (Ericksen)
(404) 870-7374 (Fax)
hgray@grsmb.com
mericksen@grsmb.com

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| MARY KIRKENDOLL, | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| v. | ) CIVIL ACTION |
| | ) FILE NO. 1:11-cv-01306-CAP |
| CITY OF SMYRNA, | ) |
| MAX BACON, Mayor, | ) |
| RANDY BLACK, and | ) |
| OFFICERS WILLIAMS, | ) |
| OWENS, THACKER, | ) |
| HUTTO, MILLSAPS, and | ) |
| BRANYON, Officers of the City of | ) |
| Smyrna Police Department, | ) |
| | ) |
| Defendants. | ) |

**CERTIFICATE OF SERVICE**

This is to certify that I have this date filed the foregoing **DEFENDANTS' REPLY BRIEF IN RESPONSE TO PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO DISMISS SECOND AMENDED COMPLAINT OR, IN THE ALTERNATIVE, MOTION TO STRIKE REDUNDANT AND IMMATERIAL MATTERS, AND MOTION TO DISMISS CONSPIRACY COUNT** with the Clerk of Court via the CM/ECF

system which automatically sends a service copy via email notification upon the following counsel of record:

> Cynthia L. Counts
> Counts Law Group
> 400 Colony Square, Suite 2020
> 1201 Peachtree Street, NE
> Atlanta, Georgia 30361
>
> Kenneth B. Hodges, III
> Ashe, Rafuse & Hill, LLP
> 1355 Peachtree Street, N.E.
> Suite 500
> Atlanta, GA 30309
>
> W. Gerald Weber
> Law Offices of Gerry Weber, LLC
> Post Office Box 5391
> Atlanta, Georgia 31107

This 2nd day of November, 2011.

/s/Harvey S. Gray
Harvey S. Gray
Georgia Bar No.: 305838
Matthew A. Ericksen
Georgia Bar No.: 304088
Attorneys for Defendants
the City of Smyrna, Georgia
Max Bacon, Randy Black,
Gerald F. Williams, R. B. Owens,
Brent Thacker, J. C. Hutto,
Lou G. Millsaps and Steve Branyon

**Gray, Rust, St. Amand, Moffett & Brieske, LLP**
1700 Atlanta Plaza
950 East Paces Ferry Road
Atlanta, Georgia 30326
(404) 870-7376 (Gray)
(404) 870-5955 (Ericksen)
(404) 870-7374 (Fax)
hgray@grsmb.com
mericksen@grsmb.com

I:\604\226-Kirkendoll v. City of Smyrna\Pleadings\Reply Brief re Motion to Dismiss 2nd Amended Complaint.doc