UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

MARY KIRKENDOLL,

    Plaintiff,

v.

CITY OF SMYRNA, et al.,

    Defendants.

CIVIL ACTION

NO. 1:11-CV-1306-CAP

O R D E R

This is an action brought pursuant to 42 U.S.C. §§ 1983 and 1985 in which the plaintiff alleges that her constitutional rights were violated when she was arrested after she made certain comments at a meeting of the city council and after she had submitted numerous open records requests; the plaintiff also asserts state law claims for false imprisonment, false arrest, and malicious prosecution. Currently before the court is the defendant's motion to dismiss. [Doc. No. 29].

**I. Procedural and Factual Background**

The court determined that the original complaint [Doc. No. 1] and the first amended complaint [Doc. No. 19] were shotgun pleadings. See Davis v. Coca-Cola Bottling Co. Consolidated, 516 F.3d 955 (11th Cir. 2008), Strategic Income Fund, L.L.C. v. Spear, Leeds & Kellogg Corp., 305 F.3d 1293 (11th Cir. 2002), Byrne v. Nezhat, 261 F.3d 1075 (11th Cir. 2001). The two things most

problematic to the court were the practice of incorporating all preceding paragraphs into each paragraph and the generic use of "Defendants" without specification of what conduct each defendant is alleged to have done.  The court directed the plaintiff to file a second amended complaint to cure these deficiencies [Doc. No. 23].  The Second Amended Complaint [Doc. No. 24] has been filed, and it corrects the deficiencies noted by the court.

**II.  Motion to Dismiss**

   **A. Rule 8(a)(2)**

The defendants contend that the Second Amended Complaint does not comply with Rule 8(a)(2)'s "short and plain statement" requirement.  Rule 8(a)(2) provides, "A pleading that states a claim for relief must contain: . . .(2) a short and plain statement of the claim showing that the pleader is entitled to relief. . . ."  As set forth above, the Second Amended Complaint complies with the guidelines given by this court regarding shotgun pleadings.  Moreover, while lengthy, the complaint states sufficient factual matter that if accepted as true would state a plausible claim for relief.  See Ashcroft v. Iqbal, 129 S.Ct. 1937, 1940 (2009).  Therefore, the plaintiff has satisfied the pleading requirement of Rule 8(a)(2), and the Second Amended Complaint is not subject to dismissal on this basis.

**B. Alternative Motion to Strike**

Alternatively, the defendants contend that because the Second Amended Complaint contains immaterial and redundant matter, certain portions that should be stricken pursuant to Federal Rule of Civil Procedure 12(f). The defendants suggest a reading of the entire Second Amended Complaint in order to recognize the information that is immaterial and redundant. Also, the defendant provides examples.

While the defendants are correct in their assessment that the Second Amended Complaint contains a great deal of background information that could be considered immaterial to the claims for relief, the court does not find it necessary to strike any of the factual allegations contained in the Second Amended Complaint.

Additionally, the defendants point out that the plaintiff includes a fair amount of case citations and legal conclusions in their Second Amended Complaint. Again, however, the court does not find that these inclusions warrant striking. Therefore, the alternative motion to strike is DENIED.

**C. Rule 12(b)(6) as to Conspiracy Count**

The defendants move to dismiss the plaintiff's conspiracy claim pursuant to Federal Rule 12(b)(6). A Rule 12(b)(6) motion requires an assessment of whether the plaintiff has set forth claims upon which this court may grant relief. In considering a

defendant's motion to dismiss, the court accepts the plaintiff's allegations as true, Hishon v. King & Spalding, 467 U.S. 69, 73 (1984), and construes the complaint in the plaintiff's favor, Duke v. Cleland, 5 F.3d 1399, 1402 (11th Cir. 1993).  A complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations:

> [A] plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true.

Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56 (2007).  Ultimately, the complaint is required to contain "only enough facts to state a claim to relief that is plausible on its face."  Id. at 570. Federal Rule of Civil Procedure 8(a) requires only "a short and plain statement of the claim," but a complaint must also "provide the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Dura Pharmaceuticals, Inc. v. Broudo, 544 U.S. 336, 346 (2005).  A pleading that offers mere labels and conclusions or a formulaic recitation of the elements of a cause of action is subject to dismissal.  Iqbal, 129 S.Ct. at 1949 (2009).

In Count Four of the Second Amended Complaint, the plaintiff alleges that Max Bacon (Smyrna mayor) and the City of Smyrna

4

agreed with city officials and city law enforcement officers, including Defendants Williams, Black, Hutto, Owens, Branyon, Thacker, and Millsaps, to violate her First Amendment rights by taking immediate adverse action against her if she did anything that could arguably be a violation of Smyrna Local Ordinance 66-33 (disorderly conduct).  The defendants seek dismissal of this count on two grounds: (1) the plaintiff's reliance upon allegations supported only by "information and belief" and (2) the intra-corporate conspiracy doctrine.  Because the intra-corporate conspiracy doctrine is dispositive with regard to the plaintiff's conspiracy claim, the court addresses only that ground for dismissal.

Under the intra-corporate conspiracy doctrine, "a corporation's employees, acting as agents of the corporation, are deemed incapable of conspiring among themselves or with the corporation." Dickerson v. Alachua County Commission, 200 F.3d 761, 767 (11th Cir. 2000). "This doctrine has been applied not only to private corporations but also to public, government entities." Id.  The defendant argues that because the defendants are all employees of the City of Smyrna, the conspiracy claim is barred.

In response to the motion, the plaintiff argues that the intra-corporate conspiracy doctrine does not apply in this case

because the defendants are members of different departments within the City of Smyrna.  In support of this position, the plaintiff cites two cases in which doctrine was applied to bar conspiracy claims against employees of a single municipal department. <u>Hollins v. Fulton County, Georgia</u>, 422 F. App'x 828 (11th Cir. 2011) and <u>Albra v. City of Fort Lauderdale</u>, 232 Fed. Appx. 855 (11th Cir. 2007).  However, these cases do not go as far as the plaintiff seeks to construe them; the cases do not hold that the doctrine can be applied <u>only</u> when the alleged conspirators are employed by a single department within a municipality.  Rather, in both of these cases, the alleged conspirators were members of a single department within a municipality.  There is no authority for the plaintiff's proposition that the intra-corporate conspiracy doctrine is applicable only when employees of a single department conspire.  Furthermore, this court finds no basis for such a distinction.

Because the plaintiff has alleged a conspiracy among employees of the City of Smyrna, Count Four of the Second Amended Complaint is barred by the intra-corporate conspiracy doctrine. The defendant's motion to dismiss this count is GRANTED.

## III. Conclusion

The motion to dismiss [Doc. No. 29] is GRANTED with respect to the plaintiff's conspiracy claim. The motion it otherwise DENIED.

SO ORDERED, this 10th day of January, 2012.

<u>/s/ Charles A. Pannell, Jr.</u>
CHARLES A. PANNELL, JR.
United States District Judge