IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| MARY KIRKENDOLL, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | CIVIL ACTION |
| | ) | FILE NO. 1:11-cv-01306-CAP |
| CITY OF SMYRNA, | ) | |
| MAX BACON, Mayor, | ) | |
| RANDY BLACK, and | ) | |
| OFFICERS WILLIAMS, | ) | |
| OWENS, THACKER, | ) | |
| HUTTO, MILLSAPS, and | ) | |
| BRANYON, Officers of the City of | ) | |
| Smyrna Police Department, | ) | |
| | ) | |
| Defendants. | ) | |

## ANSWER OF DEFENDANTS

Comes now the City of Smyrna, Georgia ("Smyrna"), Max Bacon ("Bacon"), Randy Black ("Black"), Gerald F. Williams ("Williams"), R. B. Owens ("Owens"), Brent Thacker ("Thacker"), J. C. Hutto ("Hutto"), Lou G. Millsaps ("Millsaps") and Steve Branyon ("Branyon") (hereinafter Bacon, Black, Williams, Owens Thacker and Branyon will be collectively referred to as "the individual Smyrna defendants"), named as defendants in the above-referenced action, and answer plaintiff's second amended verified complaint as follows:

## FIRST DEFENSE

For a first defense, these defendants show that plaintiff's second amended complaint fails to state a claim against them upon which relief can be granted.

## SECOND DEFENSE

For a second defense, these defendants respond to the numbered paragraphs of plaintiff's second amended complaint as follows:

### 1.

In response to the allegations of paragraph 1, these defendants admit that this Court has general subject matter jurisdiction to hear and decide claims arising under the Constitution and laws of the United States.  In further response, these defendants expressly deny that plaintiff has stated viable claims against any of them for violation of plaintiff's rights as secured by the Constitution and laws of the United States or Constitution and laws of the State of Georgia.  Except as expressly admitted herein, the allegations of paragraph 1 are denied.

### 2.

In response to the allegations of paragraph 2, these defendants admit that Mary Kirkendoll is the named plaintiff in this action and, on information and belief, that she is a resident of Smyrna.  Except as expressly admitted herein, the allegations of paragraph 2 are denied.

3.

In response to the allegations of paragraph 3, these defendants admit that Smyrna is a municipal corporation organized and existing under the laws of the State of Georgia and that it has been served with process herein. Except as expressly admitted herein, the allegations of paragraph 3 are denied.

4.

In response to the allegations of paragraph 4, these defendants admit that as of April 21, 2009, Bacon was the Mayor of Smyrna. In further response these defendants admit that Bacon has been served with process herein. Except as expressly admitted herein, the allegations of paragraph 4 are denied.

5.

In response to the allegations of paragraph 5, these defendants admit that as of April 21, 2009, Black was employed by Smyrna in the capacity of police officer, duly certified as such under the laws of the State of Georgia. In further response, these defendants admit that Black has been served with process herein. Except as expressly admitted herein, the allegations of paragraph 5 are denied.

6.

In response to the allegations of paragraph 6, these defendants admit that as of April 21, 2009, Williams was employed by Smyrna in the capacity of police

officer, duly certified as such under the laws of the State of Georgia. In further response, these defendants admit that Williams has been served with process herein. Except as expressly admitted herein, the allegations of paragraph 6 are denied.

<center>7.</center>

In response to the allegations of paragraph 7, these defendants admit that as of April 21, 2009, Owens was employed by Smyrna in the capacity of police officer, duly certified as such under the laws of the State of Georgia. In further response, these defendants admit that Owens has been served with process herein. Except as expressly admitted herein, the allegations of paragraph 7 are denied.

<center>8.</center>

In response to the allegations of paragraph 8, these defendants admit that as of April 21, 2009, Thacker was employed by Smyrna in the capacity of police officer, duly certified as such under the laws of the State of Georgia. In further response, these defendants admit that Thacker has been served with process herein. Except as expressly admitted herein, the allegations of paragraph 8 are denied.

<center>9.</center>

In response to the allegations of paragraph 9, these defendants admit that as of April 21, 2009, Hutto was employed by Smyrna in the capacity of police officer,

duly certified as such under the laws of the State of Georgia.  In further response, these defendants admit that Hutto has acknowledged service of process herein.  Except as expressly admitted herein, the allegations of paragraph 9 are denied.

10.

In response to the allegations of paragraph 10, these defendants admit that as of April 21, 2009, Millsaps was employed by Smyrna in its Parks and Recreation Department.  In further response, these defendants show that she is not a police officer and has never been employed as such, by Smyrna or otherwise.  In further response, these defendants admit that Millsaps has been served with process herein.  Except as expressly admitted herein, the allegations of paragraph 10 are denied.

11.

In response to the allegations of paragraph 11 these defendants admit that as of April 21, 2009, Branyon was employed by Smyrna in its Parks and Recreation Department.  In further response, these defendants show that he is not a police officer and has never been employed as such, by Smyrna or otherwise.  In further response, these defendants admit that Branyon has been served with process herein.  Except as expressly admitted herein, the allegations of paragraph 11 are denied.

12.

In response to the allegations of paragraph 12, these defendants admit, on information and belief, that plaintiff is a resident of Smyrna. These defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of paragraph 12 and, therefore, these defendants can neither admit nor deny the same. Except as expressly admitted herein, the allegations of paragraph 12 are denied.

13.

In response to the allegations of paragraph 13, these defendants show that any public comments which have been made by plaintiff regarding the governing authority of Smyrna or any Smyrna employees or officials are a matter of public record will speak for themselves. Except as expressly admitted herein, the allegations of paragraph 13 are denied.

14.

In response to the allegations of paragraph 14, these defendants show that any public comments which may have been made by plaintiff regarding the governing authority of Smyrna or any Smyrna employees or officials, including defendant Bacon are mater of public record and will speak for themselves. Except as expressly admitted herein, the allegations of paragraph 14 are denied.

15.

In response to the allegations of paragraph 15, these defendants admit that any public comments which may have been made by plaintiff regarding defendant Bacon are a matter of public record and will speak for themselves. Except as expressly admitted herein, the allegations of paragraph 15 are denied.

16.

The allegations of paragraph 16 are denied.

17.

In response to the allegations of paragraph 17, these defendants show that any public comments which may have been made by plaintiff regarding the Smyrna Police Department are matter of public record and will speak for themselves. Except as expressly admitted herein, the allegations of paragraph 17 are denied.

18.

The allegations of paragraph 18 are denied.

19.

In response to the allegations of paragraph 19, these defendants show that any public comments which may have been made by plaintiff regarding the Federal 287 (g) program are a matter of public record and will speak for

themselves.  Except as expressly admitted herein, the allegations of paragraph 19 are denied.

<div align="center">20.</div>

In response to the allegations of paragraph 21, these defendants show that any public comments which may have been made by plaintiff regarding defendant Bacon, Smyrna's public officials or Smyrna's law enforcement in local newspapers, internet postings, in presentations to Smyrna's City Council or otherwise are matter of public record and will speak for themselves.  In further response, these defendants admit that plaintiff has and continues to submit numerous open records act requests to Smyrna and that Smyrna has responded appropriately to such requests and has made such documents available to plaintiff in accordance with the provisions of the Georgia Open Records Act.  Except as expressly admitted herein, the allegations of paragraph 21 are denied.

<div align="center">21.</div>

The allegations of paragraph 21 are denied.

<div align="center">22.</div>

The allegations of paragraph 22 are denied.

23.

In response to the allegations of paragraph 23, these defendants show that any public comments which may have been made by defendant Bacon regarding plaintiff are a matter of public record and will speak for themselves. Except as expressly admitted herein, the allegations of paragraph 23 are denied.

24.

In response to the allegations of paragraph 24, these defendants show that any public comments which may have been made by defendant Black regarding plaintiff are matter of public record and will speak for themselves. Except as expressly admitted herein, the allegations of paragraph 24 are denied.

25.

In response to the allegations of paragraph 25, these defendants, on information and belief, admit that plaintiff made public comments to Smyrna's City Council on March 1, 2009 and show that the same are a matter of public record, were videotaped, that her comments, as well as her actions, are depicted on the videotape which will speak for itself. Except as express admitted herein, the allegations of paragraph 25 are denied.

26.

In response to the allegations of paragraph 26, these defendants, on information and belief, admit that plaintiff made public comments to Smyrna's City Council on March 1, 2009 and show that the same are a matter of public record, were videotaped, that her comments, as well as her actions, are depicted on said videotape which will speak for itself. Except as express admitted herein, the allegations of paragraph 26 are denied.

27.

In response to the allegations of paragraph 27, these defendants, on information and belief, admit that plaintiff made public comments to Smyrna's City Council on March 1, 2009 and show that the same are a matter of public record, were videotaped, that her comments, as well as her actions and any actions or comments by defendant Bacon, are depicted on said videotape which will speak for itself. Except as express admitted herein, the allegations of paragraph 27 are denied.

28.

In response to the allegations of paragraph 28, these defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegation of said paragraph, that a video of plaintiff's presentation to Smyrna's

City Council on March 1, 2009 was posted on YouTube or, if so, who viewed the same. Except as expressly admitted herein, the allegations of paragraph 28 are denied.

<p style="text-align:center">29.</p>

The allegations of paragraph 29 are denied.

<p style="text-align:center">30.</p>

In response to the allegations of paragraph 30, these defendants, on information and belief, admit that plaintiff made public comments to Smyrna's City Council on March 1, 2009 and show that the same are a matter of public record, were videotaped, and that any specific screens utilized by plaintiff in said presentation are a matter of public record and will speak for themselves. Except as expressly admitted herein, the allegations of paragraph 30 are denied.

<p style="text-align:center">31.</p>

These defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 31 and, therefore, can neither admit nor deny the same.

## 32.

These defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 32 and, therefore, can neither admit nor deny the same.

## 33.

The allegations of paragraph 33 are denied.

## 34.

In response to the allegations of paragraph 34, these defendants admit that Smyrna scheduled a town hall meeting on April 21, 2009. Except as expressly admitted herein, the allegations of paragraph 34 are denied.

## 35.

In response to the allegations of paragraph 35, these defendants show plaintiff's claims regarding a conspiracy have been dismissed by this Court and that all allegations regarding any alleged conspiracy should be stricken from paragraph 35 and elsewhere in the second amended complaint. In further response, the allegations of paragraph 35 are denied in any event.

## 36.

The allegations of paragraph 36 are denied.

37.

In response to the allegations of paragraph 37, these defendants show plaintiff's claims regarding a conspiracy have been dismissed by this Court and that all allegations regarding any alleged conspiracy should be stricken from paragraph 37 and elsewhere the second amended complaint. In further response, the allegations of paragraph 37 are denied in any event.

38.

In response to the allegations of paragraph 38, these defendants show that Smyrna Ordinance § 66-3 will speak for itself regarding its terms and conditions. Except as expressly admitted herein, the allegations of paragraph 38 are denied.

39.

The allegations of paragraph 39 are denied.

40.

In response to the allegations of paragraph 40, these defendants admit that as of April 21, 2009, and for sometime prior thereto and continuing to the present time, a public comment section is scheduled during Smyrna City Council meetings wherein citizens may provide public comment. In further response, these defendants show that the Town Hall meeting held on April 21 was not a Smyrna

City Council meeting. Except as expressly admitted herein, the allegations of paragraph 40 are denied.

<div align="center">41.</div>

In response to the allegations of paragraph 41, these defendants first show that defendants Black and Thacker were not present during the April 21, 2009 Town Hall meeting and therefore, do not have sufficient knowledge or information to admit or deny what occurred at said meeting other than what might be depicted on the videotape of said meeting. In further response, Smyrna and the other individual Smyrna defendants who were in attendance at said meeting admit that a procedure was set up for questions to be submitted by the public under which written questions were submitted to Smyrna's City Council. Except as expressly admitted herein, the allegations of paragraph 41 are denied.

<div align="center">42.</div>

In response to the allegations of paragraph 42, these defendants show that they are not required to respond to those allegations merely providing plaintiff interpretation of federal law or state law. To the extent that a response is required, the allegations of paragraph 42 are denied as pled.

43.

These defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 43 and, therefore, can neither admit nor deny the same.

44.

These defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 44 and, therefore, can neither admit nor deny the same.

45.

These defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 45 and, therefore, can neither admit nor deny the same.

46.

In response to the allegations of paragraph 46, these defendants admit that note cards were provided to citizens to write down proposed questions fin connection with the Town Hall meeting conducted on April 21, 2009. In further response, these defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of paragraph 46 and,

therefore, these defendants can neither admit nor deny the same. Except as expressly admitted herein, the allegations of paragraph 46 are denied.

47.

These defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 47 and, therefore, can neither admit nor deny the same.

48.

These defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 48 and, therefore, can neither admit nor deny the same.

49.

These defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 49 and, therefore, can neither admit nor deny the same.

50.

These defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 50 and, therefore, can neither admit nor deny the same.

51.

These defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 51 and, therefore, can neither admit nor deny the same.

52.

In response to the allegations of paragraph 52, these defendants show that the Town Hall meeting conducted on April 21, 2009 was recorded on videotape and that the videotape will speak for itself as it relates to the allegations of paragraph 52. Except as expressly admitted herein, the allegations of paragraph 52 are denied.

53.

These defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 53 and, therefore, can neither admit nor deny the same. In further response, independent of plaintiff's beliefs, these defendants deny that the only questions selected for a response were those which would elicit favorable answers. Except as expressly admitted herein, the allegations of paragraph 53 are denied.

## 54.

In response to the allegations of paragraph 54, these defendants admit that plaintiff left the meeting before it was concluded.  In further response, these defendants show that they are without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of paragraph 54 and, therefore, can neither admit nor deny the same.  Except as expressly admitted herein, the allegations of paragraph 54 are denied.

## 55.

In response to the allegations of paragraph 55, these defendants admit that plaintiff left the meeting before it was concluded.  In further response, these defendants show that they are without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of paragraph 55 and, therefore, can neither admit nor deny the same.  Except as expressly admitted herein, the allegations of paragraph 55 are denied.

## 56.

These defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 56 and, therefore, can neither admit nor deny the same.

## 57.

In response to the allegations of paragraph 57, defendant Williams admits that plaintiff made a comment which he recalls as being similar in nature to what is alleged in paragraph 57 although he cannot recall if the language in quotation marks in paragraph 57 was the precise language that he heard. In further response, these defendants, other than Williams, are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 57 and, therefore, can neither admit nor deny the same. Except as expressly admitted herein, the allegations of paragraph 57 are denied.

## 58.

In response to the allegations of paragraph 58, these defendants show that they are not required to respond to those allegations with regard to what plaintiff alleges her comments were intended to convey or with regard to her interpretation of United Supreme Court precedent. To the extent that a response is required, the allegations of paragraph 58 are denied as pled.

## 59.

In response to the allegations of paragraph 59, these defendants show that the subject videotape will speak for itself regarding whether any comments made

by plaintiff were loud enough to be heard on said videotape.  Except as expressly admitted herein, the allegations of paragraph 59 are denied.

<p style="text-align:center">60.</p>

These defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 60 and, therefore, can neither admit nor deny the same.

<p style="text-align:center">61.</p>

In response to the allegations of paragraph 61, these defendants show that they are not required to respond to those allegations with regard to what plaintiff alleges her intentions were as exhibited by her words and/or conduct at the Town Hall meeting. To the extent that a response is required, the allegations of paragraph 61 are denied as pled.

<p style="text-align:center">62.</p>

In response to the allegations of paragraph 62, as referenced above, these defendants first show that defendants Black and Thacker were not present during the April 21, 2009 meeting and therefore, do not have sufficient knowledge or information to admit or deny what occurred at said meeting other than what might be depicted on the videotape of said meeting.   In further response, Smyrna and the individual Smyrna defendants, other than defendant Williams, are likewise without

knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 62 other than to admit that plaintiff left the meeting at some point and had interactions with defendant Williams. In further response, defendant Williams, acting in his official capacity as a police officer, duly certified as such under the laws of the State of Georgia, and acting within his discretionary authority as a police officer, admits that he escorted plaintiff from the meeting in light of his concerns regarding what plaintiff might be contemplating based on her comments and actions, because he was aware that no metal detector had been utilized with regard to persons attending the meeting, and in light of his awareness of recent disturbances at public meetings as reported in the media which resulted in injury to the public and/or public officials. Except as expressly admitted herein, the allegations of paragraph 62 are denied.

<div align="center">63.</div>

The allegations of paragraph 63 are denied.

<div align="center">64.</div>

In response to the allegations of paragraph 64, defendant Williams admits that plaintiff advised him that she was leaving the meeting voluntarily. In further response, defendants herein other than Williams show that they are without knowledge or information sufficient to form a belief as to the truth or falsity of the

allegations in paragraph 64 and, therefore, can neither admit nor deny the same. Except as expressly admitted herein, the allegations of paragraph 64 are denied.

65.

The allegations of paragraph 65 are denied.

66.

In response to the allegations of paragraph 66, defendant Williams shows that he identified himself as a police officer when he first encountered Ms. Kirkendoll to escort her out of the meeting. In further response, defendants herein other than Williams show that they are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 66 and, therefore, can neither admit nor deny the same. Except as expressly admitted herein, the allegations of paragraph 66 are denied.

67.

In response to the allegations of paragraph 67, these defendants show that the subject citation and incident/investigation report referenced in paragraph 67 will speak for themselves regarding their terms and conditions. Except as expressly admitted herein, the allegations of paragraph 67 are denied.

68.

In response to the allegations of paragraph 68, these defendants show that the subject incident/investigation report will speak for itself regarding its terms and conditions. Except as expressly admitted herein, the allegations of paragraph 68 are denied.

69.

In response to the allegations of paragraph 69, these defendants show that defendant Williams made a discretionary decision, in his official capacity as a police officer, duly certified as such under the laws of the State of Georgia, to arrest plaintiff outside of the auditorium where the meeting was being conducted, based on her conduct, and to charge her with violation of a Smyrna ordinance; that plaintiff physically resisted arrest; and that she was subsequently handcuffed and taken into custody. In further response, the defendants herein, other than Williams, expressly deny that they made any decision to arrest plaintiff, directed or suggested to Williams or anyone else that plaintiff be arrested, did not in fact arrest plaintiff, and did not charge her with any violation of lawn. In further response, as reference above, defendants Black and Hutto and Thacker did not attend the meeting and had no interactions or other contact with plaintiff prior to her arrest. Except as expressly admitted herein, the allegations of paragraph 69 are denied.

70.

In response to the allegations of paragraph 70, these defendants show that defendant Thacker was dispatched to the scene to transport plaintiff to the Smyrna Police Department following her arrest by Williams; that he in fact transported plaintiff to the Smyrna Police Department following her arrest without incident and that he no other involvement whatsoever in connection with plaintiff's arrest, incarceration or prosecution. Except as expressly admitted herein, the allegations of paragraph 70 are denied.

71.

These defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 71 and, therefore, can neither admit nor deny the same.

72.

In response to the allegations of paragraph 72, these defendants admit that plaintiff's book-in records reflect that she was released from custody at 10:03 a.m. following her arrival at 9:14 a.m. Except as expressly admitted herein, the allegations of paragraph 72 are denied.

73.

The allegations of paragraph 73 are denied.

74.

In response to the allegations of paragraph 74, these defendants show that the videotape of the subject meeting will speak for itself regarding any comments made by Messrs. Picard and Bacon. Except as expressly admitted herein, the allegations of paragraph 74 are denied.

75.

In response to the allegations of paragraph 75, these defendants show that the incident/investigation report referenced in paragraph 75 will speak for itself regarding the allegations of paragraph 75. Except as expressly admitted herein, the allegations of paragraph 75 are denied.

76.

The allegations of paragraph 76 are denied.

77.

In response to the allegations of paragraph 77, these defendants show that the incident/investigation report referenced in paragraph 77 will speak for itself regarding the allegations of paragraph 77. Except as expressly admitted herein, the allegations of paragraph 77 are denied.

78.

In response to the allegations of paragraph 78, these defendants admit that plaintiff was neither arrested nor charged with being under the influence of alcohol although defendants Williams, Owens and Thacker each smelled the scent of alcohol emanating from plaintiff. Except as expressly admitted herein, the allegations of paragraph 78 are denied.

79.

In response to the allegations of paragraph 79, these defendants show that plaintiff's book-in records reflect that she was released from custody at 10:03 a.m. following her arrival at 9:14 a.m. In further response, these defendants show that they are without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of paragraph 79 and, therefore, can neither admit nor deny the same. Except as expressly admitted herein, the allegations of paragraph 79 are denied.

80.

In response to the allegations of paragraph 80, these defendants show that police officers employed by Smyrna, including Williams, Black, Owens, Thacker and Hutto, are duly certified as police officers under the laws of the State of Georgia and are required to receive all basic training necessary to obtain their

certifications as police officers and all annual training thereafter as required by Georgia law.  Except as expressly admitted herein, the allegations of paragraph 80 are denied.

<div align="center">81.</div>

In response to the allegations of paragraph 81, these defendants show that police officers employed by Smyrna, including Williams, Black, Owens, Thacker and Hutto, take an oath to uphold the law, which oath will speak for itself.  Except as expressly admitted herein, the allegations of paragraph 81 are denied.

<div align="center">82.</div>

The allegations of paragraph 82 are denied insofar as it is alleged that plaintiff's arrest constituted a violation of her First Amendment or other rights. Accordingly, these defendants further deny that they knew or should have known that her arrest was unlawful.  Except as expressly admitted herein, the allegations of paragraph 82 are denied.

<div align="center">83.</div>

The allegations of paragraph 83 are denied.

84.

These defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 84 and, therefore, can neither admit nor deny the same.

85.

These defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 85 and, therefore, can neither admit nor deny the same.

86.

The allegations of paragraph 86 are denied.

87.

In response to the allegations of paragraph 87, these defendants show that any pleadings generated in connection with the criminal proceedings involving plaintiff in municipal court, state court or elsewhere are a mater of public record and will speak for themselves regarding the allegations of paragraph 87. Except as expressly admitted herein, the allegations of paragraph 87 are denied.

## 88.

These defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 88 and, therefore, can neither admit nor deny the same.

## 89.

In response to the allegations of paragraph 89, these defendants deny that the subject Smyrna ordinance was clearly unconstitutional as alleged in paragraph 89. In further response, these defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of paragraph 89 and, therefore, can neither admit nor deny the same. Except as expressly admitted herein, the allegations of paragraph 89 are denied.

## 90.

The allegations of paragraph 90 are denied.

## 91.

In response to the allegations of paragraph 91, these defendants show that the pleadings generated in connection with the criminal proceedings involving plaintiff in municipal court, state court or elsewhere are a matter of public record and will speak for themselves regarding the allegations of paragraph 91. Except as expressly admitted herein, the allegations of paragraph 91 are denied.

92.

In response to the allegations of paragraph 92, these defendants show that show that the pleadings generated in connection with the criminal proceedings involving plaintiff in municipal court, state or elsewhere are a matter of public record and will speak for themselves regarding the allegations of paragraph 92. Except as expressly admitted herein, the allegations of paragraph 92 are denied.

93.

In response to the allegations of paragraph 93, these defendants admit that Exhibit C attached to plaintiff's complaint is a true and correct copy of a motion filed by plaintiff's counsel in the case styled "State of Georgia, plaintiff, v. Mary Evans Kirkendoll, defendant, State Court of Cobb County, State of Georgia, Criminal Action No. 10-M-2991." Except as expressly admitted herein, the allegations of paragraph 93 are denied.

94.

In response to the allegations of paragraph 94, these defendants show that the pleadings generated in connection with the criminal proceedings involving plaintiff in municipal court, state court or elsewhere are a matter of public record and will speak for themselves regarding the allegations of paragraph 94. Except as expressly admitted herein, the allegations of paragraph 94 are denied.

95.

In response to the allegations of paragraph 95, these defendants show that the pleadings generated in connection with the criminal proceedings involving plaintiff in municipal court, state court or elsewhere are a matter of public record and will speak for themselves regarding the allegations of paragraph 95. In further response, these defendants admit that plaintiff attempted, through counsel, to provide ante litem notice of her purported state law claims against Smyrna and that said notice will speak for itself regarding its terms and conditions. Except as expressly admitted herein, the allegations of paragraph 95 are denied.

96.

These defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 96 and, therefore, can neither admit nor deny the same.

97.

In response to the allegations of paragraph 97, these defendants show that the pleadings generated in connection with the criminal proceedings involving plaintiff in municipal court, state court or elsewhere are a matter of public record and will speak for themselves regarding the allegations of paragraph 97. Except as expressly admitted herein, the allegations of paragraph 97 are denied.

98.

In response to the allegations of paragraph 98, these defendants show that the pleadings generated in connection with the criminal proceedings involving plaintiff in municipal court, state court or elsewhere are matter of public record and will speak for themselves regarding the allegations of paragraph 98. Except as expressly admitted herein, the allegations of paragraph 98 are denied.

99.

In response to the allegations of paragraph 99, these defendants show that Smyrna Ordinance § 66-3 will speak for itself regarding its terms conditions. Except as expressly admitted herein, the allegations of paragraph 99 are denied.

100.

In response to the allegations of paragraph 100, these defendants show that they are not required to respond to those allegations merely setting forth plaintiff's interpretation of federal law. To the extent that a response is required, the allegations of paragraph 100 are denied as pled.

101.

In response to the allegations of paragraph 101, these defendants show that they are not required to respond to those allegations merely setting forth plaintiff's

interpretation of federal or state law.  To the extent that a response is required, the allegations of paragraph 101 are denied as pled.

102.

The allegations of paragraph 102 are denied.

103.

In response to the allegations of paragraph 103, these defendants show that they are not required to respond to those allegations merely setting forth plaintiff's interpretation of federal or state law.  To the extent that a response is required, the allegations of paragraph 103 are denied as pled.

104.

In response to the allegations of paragraph 104, these defendants show that they are not required to respond to those allegations merely setting forth plaintiff's interpretation of federal or state law.  To the extent that a response is required, the allegations of paragraph 104 are denied as pled.

105.

In response to the allegations of paragraph 105, these defendants show that Smyrna Ordinance § 66-3 will speak for itself regarding its terms conditions. Except as expressly admitted herein, the allegations of paragraph 105 are denied.

106.

In response to the allegations of paragraph 106, these defendants show that they are not required to respond to those allegations merely setting forth plaintiff's interpretation of the federal or state law. To the extent that a response is required, the allegations of paragraph 106 are denied as pled.

107.

In response to the allegations of paragraph 107, these defendants show that they are not required to respond to those allegations merely setting forth plaintiff's interpretation of federal or state law. To the extent that a response is required, the allegations of paragraph 107 are denied as pled.

108.

The allegations of paragraph 108 are denied.

109.

In response to the allegations of paragraph 109, these defendants show that they are not required to respond to those allegations merely setting forth plaintiff's interpretation of federal or state law. To the extent that a response is required, the allegations of paragraph 109 are denied as pled.

110.

The allegations of paragraph 110 are denied.

111.

In response to the allegations of paragraph 111, these defendants admit that defendant Williams made a discretionary decision within the course and scope of his official functions as a police officer, duly certified as such under the laws of the State of Georgia, to arrest Ms, Kirkendoll and issue a citation to her for violation of Smyrna Ordinance 66-3.  Except as expressly admitted herein, the allegations of paragraph 111 are denied.

112.

In response to the allegations of paragraph 112, these defendants show that Williams' Incident/Investigation report will speak for itself regarding what is contained therein.  Except as expressly admitted herein, the allegations of paragraph 112 are denied.

113.

In response to the allegations of paragraph 113, these defendants re-allege and incorporate by reference, as if fully set forth herein, their response to paragraphs 80 and 82 above, inclusive.  Except as expressly admitted herein, the allegations of paragraph 113 are denied.

114.

In response to the allegations of paragraph 114, these defendants show that they are not required to respond to those allegations merely setting forth plaintiff's interpretation of federal or state law. To the extent that a response is required, the allegations of paragraph 114 are denied as pled.

115.

In response to the allegations of paragraph 115, these defendants show that Officer Williams, acting within his discretionary authority in his official capacity as a police officer, duly certified as such under the laws of the State of Georgia, made a discretionary decision to arrest Ms. Kirkendoll and charge her with violation of Smyrna Ordinance § 66-3, as reflected in the citation issued to plaintiff and which citation will speak for itself. Except as expressly admitted herein, the allegations of paragraph 115 are denied.

116.

The allegations of paragraph 116 are denied.

117.

In response to the allegations of paragraph 117, these defendants re-allege and incorporate by reference, as if fully set forth herein, their responses to paragraphs 13 through 30, 33 through 39 and 57 through 73, inclusive.

118.

In response to the allegations of paragraph 118, these defendants re-allege and incorporate by reference, as if fully set forth herein, their responses to paragraphs 13-30. In further response, these defendants show that they are not required to respond to those allegations merely setting forth plaintiff's interpretation of federal or state. To the extent that a response is required, the allegations of paragraph 118 are denied as pled.

119.

In response to the allegations of paragraph 119, these defendants admit generally, on information and belief, that plaintiff has written numerous letters to local newspapers, has made numerous postings on internet message boards and has given speeches during Smyrna City Council meetings, both prior to and subsequent to April 21, 2009, all of which will speak for themselves. Except as expressly admitted herein, the allegations of paragraph 119 are denied.

120.

The allegations of paragraph 120 are denied.

121.

In response to the allegations of paragraph 121, these defendants show that plaintiff's claims regarding a conspiracy have been dismissed by this Court and

that all allegations regarding any alleged conspiracy should be stricken from

paragraph 121 and elsewhere in the second amended complaint.  In further

response, these defendants show that they are not required to respond to those

allegations merely setting forth plaintiff's interpretation of federal or state law.  In

further response, and to the extent that a response is even required, the allegations

of paragraph 121 are denied.

<div align="center">122.</div>

In response to the allegations of paragraph 122, these defendants show that

plaintiff's claims regarding a conspiracy have been dismissed by this Court and

that all allegations regarding any alleged conspiracy should be stricken from

paragraph 122 and elsewhere in the second amended complaint.  In further

response, these defendants show that they are not required to respond to those

allegations merely setting forth plaintiff's interpretation of federal law or state law.

In further response, and to the extent that a response is even required, the

allegations of paragraph 122 are denied.

<div align="center">123.</div>

In response to the allegations of paragraph 123, these defendants show that

plaintiff's claims regarding a conspiracy have been dismissed by this Court and

that all allegations regarding any alleged conspiracy should be stricken from

paragraph 123 and elsewhere in the second amended complaint. In further response, these defendants show that they are not required to respond to those allegations merely setting forth plaintiff's interpretation of federal law or state law. In further response, and to the extent that a response is even required, the allegations of paragraph 123 are denied as pled.

<center>124.</center>

In response to the allegations of paragraph 124, these defendants admit that as of April 21, 2009, Max Bacon was the Mayor of Smyrna, with all duties and obligations inherent in said position. In further response, these defendants show that they are not required to respond to those allegations merely setting forth plaintiff's interpretation of federal law or state law. In further response, and to the extent that a response is even required, the allegations of paragraph 124 are denied.

<center>125.</center>

The allegations of paragraph 125 are denied.

<center>126.</center>

In response to the allegations of paragraph 126, these defendants show that they are not required to respond to those allegations merely setting forth plaintiff's interpretation of federal or state law. To the extent that a response is required, the allegations of paragraph 126 are denied.

<center>39</center>

<center>127.</center>

The allegations of paragraph 127 are denied.

<center>128.</center>

In response to the allegations of paragraph 128, these defendants re-allege and incorporate by reference their response to paragraphs 80 and 82 above, inclusive. Except as expressly admitted herein, the allegations of paragraph 128 are denied.

<center>129.</center>

In response to the allegations of paragraph 129, these defendants re-allege and incorporate by reference, as if fully set forth herein, their response to paragraph 77 and 78 above, inclusive. Except as expressly admitted herein, the allegations of paragraph 129 are denied.

<center>130.</center>

The allegations of paragraph 130 are denied.

<center>131.</center>

In response to the allegations of paragraph 131, these defendants re-allege and incorporate by reference, as if fully set forth herein, their responses to paragraphs 57 through 79, inclusive. Except as expressly admitted herein, the allegations of paragraph 131 are denied.

132.

In response to the allegations of paragraph 132, these defendants show that they are not required to respond to those allegations merely setting forth plaintiff's interpretation of federal or state law. To the extent that a response is required, the allegations of paragraph 132 are denied as pled.

133.

In response to the allegations of paragraph 133, these defendants show that they are not required to respond to those allegations merely setting forth plaintiff's interpretation of federal or state law. To the extent that a response is required, the allegations of paragraph 133 are denied as pled.

134.

In response to the allegations of paragraph 134, these defendants re-allege and incorporate by reference, as if fully set forth herein, their responses to paragraphs 56 through 75, inclusive.

135.

The allegations of paragraph 135 are denied.

136.

The allegations of paragraph 136 are denied.

137.

The allegations of paragraph 137 are denied.

138.

The allegations of paragraph 138 are denied.

139.

In response to the allegations of paragraph 139, these defendants show that they are not required to respond to those allegations merely setting forth plaintiff's interpretation of federal or state law.  To the extent that a response is required, the allegations of paragraph 139 are denied as pled.

140.

The allegations of paragraph 140 are denied.

141.

In response to the allegations of paragraph 141,  these defendants re-allege and incorporate by reference herein their response to paragraphs 80 and 82 above, inclusive.  Except as expressly admitted herein, the allegations of paragraph 141 are denied.

142.

In response to the allegations of paragraph 142, these defendants re-allege and incorporate by reference, as if fully set forth herein, their response to

paragraph 77 and 78 above, inclusive.  Except as expressly admitted herein, the allegations of paragraph 142 are denied.

<center>143.</center>

In response to the allegations of paragraph 143, these defendants show that they are not required to respond to those allegations merely setting forth plaintiff's interpretation of federal or state law.  To the extent that a response is required, the allegations of paragraph 143 are denied as pled.

<center>144.</center>

The allegations of paragraph 144 are denied.

<center>145.</center>

The allegations of paragraph 145 are denied.

<center>146.</center>

The allegations of paragraph 146 are denied.

<center>147.</center>

In response to the allegations of paragraph 147, these defendants re-allege and incorporate by reference, as if fully set forth herein, their responses to paragraphs 16, 18, 21, 33 through 37 and 48 through 51, inclusive.

<center>148.</center>

The allegations of paragraph 148 are denied.

<center>43</center>

149.

The allegations of paragraph 149 are denied.

150.

In response to the allegations of paragraph 150, these defendants show plaintiff's claims regarding a conspiracy have been dismissed by this Court and that all allegations regarding any alleged conspiracy should be stricken from paragraph 150 and elsewhere in the second amended complaint. In further response, the allegations of paragraph 150 are denied in any event.

151.

In response to the allegations of paragraph 151, these defendants re-allege and incorporate by reference, as if fully set forth herein, their response to paragraphs 77 and 78 above, inclusive. Except as expressly admitted herein, the allegations of paragraph 151 are denied as pled.

152.

In response to the allegations of paragraph 152, these defendants show plaintiff's claims regarding a conspiracy have been dismissed by this Court and that all allegations regarding any alleged conspiracy should be stricken from paragraph 152 and elsewhere in the second amended complaint. In further response, the allegations of paragraph 152 are denied in any event.

153.

In response to the allegations of paragraph 153, these defendants show plaintiff's claims regarding a conspiracy have been dismissed by this Court and that all allegations regarding any alleged conspiracy should be stricken from paragraph 153 and elsewhere in the second amended complaint. In further response, the allegations of paragraph 153 are denied in any event.

154.

In response to the allegations of paragraph 154, these defendants re-allege and incorporate by reference, as if fully set forth herein, their responses to paragraphs 57 through 79, above inclusive.

155.

In response to the allegations of paragraph 155, these defendants re-allege and incorporate by reference, as if fully set forth herein, their responses to paragraph 69 above, inclusive. Except as expressly admitted herein, the allegations of paragraph 155 are denied.

156.

The allegations of paragraph 156 are denied.

157.

The allegations of paragraph 157 are denied.

158.

The allegations of paragraph 158 are denied.

159.

The allegations of paragraph 159 are denied.

160.

In response to the allegations of paragraph 160, these defendants re-allege and incorporate by reference as fully set forth herein, their response to paragraphs 80 and 82 above, inclusive. Except as expressly admitted herein, the allegations of paragraph 160 are denied.

161.

In response to the allegations of paragraph 161, these defendants re-allege and incorporate by reference, as if fully set forth herein, their response to paragraph 77 and 78 above, inclusive. Except as expressly admitted herein, the allegations of paragraph 161 are denied.

162.

The allegations of paragraph 162 are denied.

163.

In response to the allegations of paragraph 163, these defendants show that they are not required to respond to those allegations merely setting forth plaintiff's

interpretation of federal or state law. To the extent that a response is required, the allegations of paragraph 163 are denied as pled.

<div align="center">164.</div>

The allegations of paragraph 164 are denied.

<div align="center">165.</div>

In response to the allegations of paragraph 165, these defendants re-allege and incorporate by reference, as if fully set forth herein, their responses to paragraphs 6 through 11 above. Except as expressly admitted herein, the allegations of paragraph 165 are denied.

<div align="center">166.</div>

The allegations of paragraph 166 are denied.

<div align="center">167.</div>

In response to the allegations of paragraph 167, these defendants re-allege and incorporate by reference, as if fully set forth herein, their responses to paragraphs 57 through 79, inclusive.

<div align="center">168.</div>

In response to the allegations of paragraph 168, these defendants re-allege and incorporate by reference, as if fully set forth herein, their responses to

paragraph 69 above, inclusive.  Except as expressly admitted herein, the

allegations of paragraph 168 are denied.

<div align="center">169.</div>

The allegations of paragraph 169 are denied.

<div align="center">170.</div>

The allegations of paragraph 170 are denied.

<div align="center">171.</div>

The allegations of paragraph 171 are denied.

<div align="center">172.</div>

The allegations of paragraph 172 are denied.

<div align="center">173.</div>

In response to the allegations of paragraph 173, these defendants re-allege

and incorporate by reference as fully set forth herein, their response to paragraphs

80 and 82 above, inclusive.  Except as expressly admitted herein, the allegations of

paragraph 173 are denied.

<div align="center">174.</div>

In response to the allegations of paragraph 174, these defendants re-allege

and incorporate by reference, as if fully set forth herein, their response to

paragraphs 77 and 78 above. Except as expressly admitted herein, the allegations of paragraph 174 are denied.

<p style="text-align:center">175.</p>

The allegations of paragraph 175 are denied.

<p style="text-align:center">176.</p>

In response to the allegations of paragraph 176, these defendants show that they are not required to respond to allegations merely setting forth plaintiff's interpretation of federal or state law. To the extent that a response is required, the allegations of paragraph 176 are denied as pled.

<p style="text-align:center">177.</p>

In response to the allegations of paragraph 177, these defendants show that they are not required to respond to allegations merely setting forth plaintiff's interpretation of federal or state law. To the extent that a response is required, the allegations of paragraph 177 are denied as pled.

<p style="text-align:center">178.</p>

In response to the allegations of paragraph 178, these defendants show that they are not required to respond to allegations merely setting forth plaintiff's interpretation of federal or state law. To the extent that a response is required, the allegations of paragraph 178 are denied as pled.

179.

The allegations of paragraph 179 are denied.

180.

In response to the allegations of paragraph 180, these defendants re-allege and incorporate by reference, as if fully set forth herein, their responses to paragraphs 86 through 98, inclusive.

181.

The allegations of paragraph 181 are denied.

182.

The allegations of paragraph 182 are denied.

183.

The allegations of paragraph 183 are denied.

184.

In response to the allegations of paragraph 184, these defendants re-allege and incorporate by reference, as if fully set forth herein, their response to paragraphs 77 and 78 above, inclusive.  Except as expressly admitted herein, the allegations of paragraph 184 are denied.

185.

In response to the allegations of paragraph 185, these defendants re-allege and incorporate by reference, as if fully set forth herein, their response to paragraph 87 above. Except as expressly admitted herein, the allegations of paragraph 185 are denied.

186.

The allegations of paragraph 186 are denied.

187.

The allegations of paragraph 187 are denied.

188.

In response to the allegations of paragraph 188, these defendants re-allege and incorporate by reference, as if fully set forth herein, their responses to paragraphs 57 through 79, inclusive.

189.

The allegations of paragraph 189 are denied.

190.

The allegations of paragraph 190 are denied.

191.

The allegations of paragraph 191 are denied.

192.

In response to the allegations of paragraph 192, these defendants show that plaintiff physically resisted after being advised by defendant Williams that she was under arrest and that a reasonable and necessary amount of force was used to effectuate her arrest thereafter.  Except as expressly admitted herein, the allegations of paragraph 192 are denied.

193.

In response to the allegations of paragraph 193, these defendants re-allege and incorporate by reference, as if fully set forth herein, their response to paragraphs 77 and 78 above, inclusive.  Except as expressly admitted herein, the allegations of paragraph 193 are denied.

194.

The allegations of paragraph 194 are denied.

195.

The allegations of paragraph 195 are denied.

196.

In response to the allegations of paragraph 196, these defendants re-allege and incorporate by reference, as if fully set forth herein, their response to

paragraphs 6 through 11 above, inclusive.  Except as expressly admitted herein, the allegations of paragraph 196 are denied.

<div align="center">197.</div>

Any other allegations of the complaint which have not bee expressly admitted or otherwise addressed are hereby denied.

<div align="center">

**THIRD DEFENSE**

</div>

For a third defense, these defendants show that the claims asserted against the individual Smyrna defendants in their official capacities are redundant and should be dismissed inasmuch as Smyrna is named as a defendant herein.

<div align="center">

**FOURTH DEFENSE**

</div>

For a fourth defense, the individual Smyrna defendants plead the defense of official function, discretionary immunity with regard to the state law claims asserted against them and qualified immunity with respect to the federal claims asserted against them.

<div align="center">

**FIFTH DEFENSE**

</div>

For a fifth defense, these defendants show that there was both arguable and actual probable cause for plaintiff's arrest, detention, incarceration and prosecution.

## SIXTH DEFENSE

For a sixth defense, Smyrna asserts the defense of sovereign immunity, where applicable.

## SEVENTH DEFENSE

For a seventh defense, these defendants show that under the laws of the State of Georgia, once an individual is held pursuant to legal process, claims for false arrest and false imprisonment are no longer viable and that the only remedy available under Georgia law is one for malicious prosecution.

## EIGHTH DEFENSE

For an eighth defense, these defendants show that they are not legally responsible for discretionary decisions made by either the solicitor or district attorney regarding the criminal prosecution of plaintiff.

## NINTH DEFENSE

For a ninth defense, Smyrna and the individual Smyrna defendants, in their official capacities, show that they are immune from any claims for punitive or exemplary damages under state and federal law.

## TENTH DEFENSE

For a tenth defense, these defendants show that the entirety of plaintiff's claims asserted under federal law against defendants herein arising from her arrest,

incarceration and prosecution are governed entirely by the Fourth Amendment's prescription that all searches and seizures be objectively reasonable based on the totality of the circumstances presented and that the First Amendment has no application under the circumstances presented in this case.

Wherefore, having fully answered, these defendants pray that plaintiff's complaint against them be dismissed and that judgment be entered in their favor, with all costs cast against plaintiff; that they have a trial by jury with regard to all triable issues; and that they have such relief and such other and further relief as this Court deems just and proper in the circumstances.

This 15th February, 2012.

/s/Harvey S. Gray
Harvey S. Gray
Georgia Bar No.: 305838
Matthew A. Ericksen
Georgia Bar No.: 304088
Attorneys for Defendants
the City of Smyrna, Georgia
Max Bacon, Randy Black, Gerald F.
Williams, R. B. Owens, Brent
Thacker, J. C. Hutto, Lou G. Millsaps
and Steve Branyon

**Gray, Rust, St. Amand, Moffett & Brieske, LLP**
1700 Atlanta Plaza
950 East Paces Ferry Road
Atlanta, Georgia 30326
(404) 870-7376 (Gray)
(404) 870-5955 (Ericksen)
(404) 870-7374 (Fax)
hgray@grsmb.com
mericksen@grsmb.com

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| MARY KIRKENDOLL, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | CIVIL ACTION |
| | ) | FILE NO. 1:11-cv-01306-CAP |
| CITY OF SMYRNA, | ) | |
| MAX BACON, Mayor, | ) | |
| RANDY BLACK, and | ) | |
| OFFICERS WILLIAMS, | ) | |
| OWENS, THACKER, | ) | |
| HUTTO, MILLSAPS, and | ) | |
| BRANYON, Officers of the City of | ) | |
| Smyrna Police Department, | ) | |
| | ) | |
| Defendants. | ) | |

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that I have this date filed the foregoing **Answer of**

**Defendants** with the Clerk of Court via the CM/ECF system which  automatically

sends a service copy via email notification upon the following counsel of record:

Cynthia L. Counts
Counts Law Group
400 Colony Square, Suite 2020
1201 Peachtree Street, NE
Atlanta, Georgia 30361

Kenneth B. Hodges, III
Ashe, Rafuse & Hill, LLP
1355 Peachtree Street, N.E.
Suite 500
Atlanta, GA 30309

W. Gerald Weber
Law Offices of Gerry Weber, LLC
Post Office Box 5391
Atlanta, Georgia 31107

This 15th day February, 2012.

/s/Harvey S. Gray
Harvey S. Gray
Georgia Bar No.: 305838
Matthew A. Ericksen
Georgia Bar No.: 304088
Attorneys for Defendants
the City of Smyrna, Georgia
Max Bacon, Randy Black, Gerald F.
Williams, R. B. Owens, Brent
Thacker, J. C. Hutto, Lou G. Millsaps
and Steve Branyon

**Gray, Rust, St. Amand, Moffett & Brieske, LLP**
1700 Atlanta Plaza
950 East Paces Ferry Road
Atlanta, Georgia 30326
(404) 870-7376 (Gray)
(404) 870-5955 (Ericksen)
(404) 870-7374 (Fax)
hgray@grsmb.com
mericksen@grsmb.com
I:\604\226-Kirkendoll v. City of Smyrna\Pleadings\Answer of Defendants - 2-15-12.doc

58