IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

MARY KIRKENDOLL,                )
                                )
    Plaintiff               )
                                )
v.                              )    CIVIL ACTION
                                )    FILE NO. 1:11-cv-01306-CAP
CITY OF SMYRNA,                 )
MAX BACON, Mayor,               )
RANDY BLACK, and                )
OFFICERS WILLIAMS,              )
OWENS, THACKER,                 )
HUTTO, MILLSAPS, and            )
BRANYON, Officers of the City of )
Smyrna Police Department,       )
                                )
    Defendants.             )

### INITIAL AND EXPERT DISCLOSURES OF DEFENDANTS

**(1)    If the defendant is improperly identified, state defendant's correct identification and state whether defendant will accept service of an Amended Summons and Complaint reflecting the information furnished in this disclosure response.**

**Disclosure**: These defendants do not contend that they are improperly identified.

**(2)    Provide the names of any parties whom defendant contends are necessary parties to this action, but who have not been named by plaintiff.  If**

**defendant contends that there is a question of misjoinder of parties, provide the reasons for defendant's contention.**

<u>**Disclosure**</u>:  No such unnamed parties are known to these defendants at this time.

**(3)    Provide a detailed factual basis for the defense or defenses and any counterclaims or cross claims asserted by the defendant in the responsive pleading.**

<u>**Disclosure**</u>:   These defendants assert that plaintiff's complaint fails to state a claim against them upon which relief can be granted.  These defendants assert that there was both arguable and actual probable cause for plaintiff's arrest, detention, incarceration and prosecution.  These defendants further assert that the claims asserted against the individual Smyrna defendants in their official capacities are redundant and should be dismissed inasmuch as Smyrna is a named defendant; that the individual Smyrna defendants are entitled to official function, discretionary immunity with regard to all state law claims asserted against them and qualified immunity with regard to the federal claims asserted against them.

These defendants further assert that because a criminal prosecution was commenced, plaintiff's state law claims for false arrest and false imprisonment fail as a matter of law; that none of these defendants are legally responsible for any

discretionary decisions by the solicitor and/or district attorney regarding the criminal prosecution of plaintiff; that Smyrna and the individual Smyrna defendants, sued in their official capacities, are immune from claims for punitive or exemplary damages under state and federal law; and that plaintiff's federal claims asserting false arrest and malicious prosecution are governed exclusively by the Fourth Amendment, not the First Amendment.  Smyrna also asserts the defense of sovereign immunity.

   **(4)   Describe in detail all statutes, codes, regulations, legal principles, standards and customs or usages, and illustrative case law which defendant contends are applicable to this action.**

   <u>**Disclosure**</u>:   *42 U.S.C. § 1983*; Fourth Amendment to the United States Constitution; *Monell v N.Y. Dept. of Soc. Services, 436 U.S. 658 (1978); Saucier v. Katz, 533 U.S. 194, 121 S.Ct. 2151 (2001); Selvy v. Morrison, 292 Ga.App. 702, 665 S.E.2d 401 (2008)*; *Bd. Of the County Comm'rs of Bryan County v. Brown, 520 U.S. 397, 117 S.Ct. 1382 (1997); Illinois v. Gates, 462 U.S. 213, 103 S.Ct. 2317 (1983); Atterbury v. City of Miami Police Dept., 322 Fed.Appx. 724, 2009 WL 868014 (11th Cir. 2009); Fuller v. Troup County, 253 Ga.App. 228, 558 S.E.2d 777 (2002); Kingsland v. City of Miami, 382 F.3d 1220 (11th Cir. 2004); Kline v. KDB, Inc., 295 Ga.App. 789, 673 S.E.2d 516 (2009); O.C.G.A. § 51-7-1;*

*O.C.G.A. § 51-7-20; O.C.G.A. § 51-7-40;* Smyrna City Ordinance 66-3; Article II, Sec. 1, ¶ 9 of the Constitution of Georgia and cases construing the same. Defendant reserves the right to supplement this list during the course of discovery herein.

**(5)   Provide the name and, if known, the address and telephone number of each individual likely to have discoverable information that you may use to support your claims or defenses, unless solely for impeachment, identifying the subjects of the information.   (Attach witness list to Initial Disclosures as Attachment A.)**

<u>Disclosure</u>:  See Attachment A.

**(6)   Provide the name of any person who may be used at trial to present evidence under Rules 702, 703 or 705 of the Federal Rules of Evidence.   For all experts described in Fed. R. Civ. P. 26(a)(2)(B), provide a separate written report satisfying the provisions of that Rule.   (Attach expert witness list and written reports to Initial Disclosures as Attachment B.)**

<u>Disclosure</u>:  No such experts have been retained by these defendants at the present time.

**(7)   Provide a copy of, or description by category and location of, all documents, data compilations, and tangible things in your possession, custody,**

4

or control that you may use to support your claims or defenses unless solely for impeachment, identifying the subjects of the information.   (Attach document list and descriptions to Initial Disclosures as Attachment C.)

**Disclosure**:  See Attachment C.

(8)   In the space provided below, provide a computation of any category of damages claimed by you.  In addition, include a copy of, or describe by category and the location of, the documents or other evidentiary material, not privileged or protected from disclosure on which such computation is based, including materials bearing on the nature and extent of injuries suffered, making such documents or evidentiary material available for inspection and copying under Federal Rule Civil Procedure 34.  (Attach any copies and descriptions to Initial Disclosure as Attachment D.)

**Disclosure**:  Not applicable.

(9)   If defendant contends that some other person or legal entity is, in whole or in part, liable to the plaintiff or defendant in this matter, state the full name, address and telephone number of such person or entity and describe in detail the basis of such liability.

**Disclosure**:  Not applicable.

**(10)   Attach for inspection and copying as under Fed. R. Civ. P. 34 any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment, which may be entered in this action or to indemnify or reimburse for payments to satisfy the judgment.   (Attach copy of insurance agreement to Initial Disclosures as Attachment E.)**

**Disclosure**:   A copy of the declaration page for the applicable coverage agreement will be provided to plaintiff's counsel upon reasonable notice to defendants' counsel.

The undersigned, in accordance with L.R. 7.1 and 5.1(b) hereby certifies that the typefont used herein is 14-Point Times New Roman font.

This 16th day March, 2012.

/s/Harvey S. Gray
Harvey S. Gray
Georgia Bar No.: 305838
Matthew A. Ericksen
Georgia Bar No.: 304088
Attorneys for Defendants
the City of Smyrna, Georgia
Max Bacon, Randy Black, Gerald F.
Williams, R. B. Owens, Brent
Thacker, J. C. Hutto, Lou G. Millsaps
and Steve Branyon

**Gray, Rust, St. Amand, Moffett & Brieske, LLP**
1700 Atlanta Plaza
950 East Paces Ferry Road
Atlanta, Georgia 30326
(404) 870-7376 (Gray)
(404) 870-5955 (Ericksen)
(404) 870-7374 (Fax)
hgray@grsmb.com
mericksen@grsmb.com

## ATTACHMENT A
## DEFENDANTS' INITIAL AND EXPERT DISCLOSURES

1. Mary Kirkendoll:   The plaintiff has information regarding the incidents described in the complaint;

2. Gerald F. Williams:   Williams has information regarding the incidents described in the complaint;

3. Randy Black:  Black is named as a defendant and is generally aware of the allegations in the complaint but did not witness plaintiff's arrest;

4. R. B. Owens:  Owens has information regarding the incidents described in the complaint;

5. Brent Thacker:  Thacker is named as a defendant and transported plaintiff to the jail after her arrest but did not witness her arrest;

6. Lou G. Milsaps:  Milsaps has information regarding the incidents described in the complaint;

7. Steve Branyon:  Branyon has information regarding the incidents described in the complaint;

8. Max Bacon:  Bacon is named as a defendant and is generally aware of the allegations in the complaint but did not witness plaintiff's arrest;

9. J. C. Hutto: Hutto has information regarding the incidents described in the complaint;

10. Jill Benson:  Benson may have some information regarding the incidents described in the complaint;

11. Other persons whose identities are unknown at present who were present at the Smyrna Community Center on April 21, 2009 who may have some knowledge of the incidents described in the complaint;

12. Persons identified in plaintiff's initial and expert disclosures herein and persons who may be identified during the course of discovery herein.

13. Defendants reserve the right to supplement this list as discovery progresses.

## ATTACHMENT C
## DEFENDANTS' INITIAL AND EXPERT DISCLOSURES

1.      Documents regarding plaintiff's arrest and prosecution;

2.      All documents identified by plaintiff in her initial and expert disclosures

herein or identified by her during the course of discovery herein; and

3.      Internet postings by plaintiff prior and subsequent to her arrest.

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

MARY KIRKENDOLL,                    )
                                    )
    Plaintiff                       )
                                    )
v.                                  )          CIVIL ACTION
                                    )          FILE NO. 1:11-cv-01306-CAP
CITY OF SMYRNA,                     )
MAX BACON, Mayor,                   )
RANDY BLACK, and                    )
OFFICERS WILLIAMS,                  )
OWENS, THACKER,                     )
HUTTO, MILLSAPS, and                )
BRANYON, Officers of the City of    )
Smyrna Police Department,           )
                                    )
    Defendants.                     )

## CERTIFICATE OF SERVICE

    This is to certify that I have this date filed the foregoing **INITIAL AND EXPERT DISCLOSURES OF DEFENDANTS** with the Clerk of Court via the CM/ECF system which  automatically sends a service copy via email notification upon the following counsel of record:

Cynthia L. Counts
Counts Law Group
400 Colony Square, Suite 2020
1201 Peachtree Street, NE
Atlanta, Georgia 30361

Kenneth B. Hodges, III
Ashe, Rafuse & Hill, LLP
1355 Peachtree Street, N.E.
Suite 500
Atlanta, GA 30309

W. Gerald Weber
Law Offices of Gerry Weber, LLC
Post Office Box 5391
Atlanta, Georgia 31107

This 16th day March, 2012.

/s/Harvey S. Gray
Harvey S. Gray
Georgia Bar No.: 305838
Matthew A. Ericksen
Georgia Bar No.: 304088
Attorneys for Defendants
the City of Smyrna, Georgia
Max Bacon, Randy Black, Gerald F.
Williams, R. B. Owens, Brent
Thacker, J. C. Hutto, Lou G. Millsaps
and Steve Branyon

**Gray, Rust, St. Amand, Moffett & Brieske, LLP**
1700 Atlanta Plaza
950 East Paces Ferry Road
Atlanta, Georgia 30326
(404) 870-7376 (Gray)
(404) 870-5955 (Ericksen)
(404) 870-7374 (Fax)
hgray@grsmb.com
mericksen@grsmb.com

I:\604\226-Kirkendoll v. City of Smyrna\Pleadings\Initial and Expert Disclosures- Smyrna.doc