IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| MARY KIRKENDOLL, | ) | |
|---|---|---|
| Plaintiff | ) | |
| v. | ) | CIVIL ACTION |
| | ) | FILE NO. 1:11-cv-01306-CAP |
| CITY OF SMYRNA, | ) | |
| MAX BACON, Mayor, | ) | |
| RANDY BLACK, and | ) | |
| OFFICERS WILLIAMS, | ) | |
| OWENS, THACKER, | ) | |
| HUTTO, MILLSAPS, and | ) | |
| BRANYON, Officers of the City of | ) | |
| Smyrna Police Department, | ) | |
| Defendants. | ) | |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT OF DEFENDANT MAX BACON**

**I.     FACTS AND CLAIMS PRESENTED**

**A.     Summary and Overview of Argument**

Although other derivative claims are asserted, the present case essentially asserts federal and state law claims arising from the arrest plaintiff Ms. Mary Kirkendoll ("Kirkendoll" or "plaintiff") outside of a Smyrna town hall meeting on April 21, 2009. The arrest was made by Smyrna police officer Gerald Williams, acting within his capacity as a duly certified law enforcement officer under the

laws of the State of Georgia.

Although Max Bacon, Mayor of Smyrna, attended the meeting, he was on the stage participating in the meeting when Ms. Kirkendoll was arrested outside of the auditorium where the meeting was being conducted. Bacon did not witness Ms. Kirkendoll's arrest or her interactions with Officer Williams. Bacon does not recall seeing Gerald Williams escort Ms. Kirkendoll out of the meeting, nor was Bacon even aware that Williams had arrested and charged Ms. Kirkendoll with any violation of law until the following day.

Bacon is presently aware that Officer Williams made a discretionary decision, in his capacity as a law enforcement officer, duly certified as such, to arrest and charge Ms. Kirkendoll with violation of a Smyrna ordinance. At no time prior to or during the April 21, 2009 meeting, did Bacon counsel, suggest, direct, or order Williams or any Smyrna police officer or employee to pay close attention to Ms. Kirkendoll or to harass her. At no time prior to or during the April 21, 2009 meeting, did Bacon counsel, suggest, direct, or order Williams or any other Smyrna police officer or employee to arrest Ms. Kirkendoll. Bacon did not participate in the criminal prosecution of Ms. Kirkendoll in any manner.

Based on the conduct of Ms. Kirkendoll which Williams personally observed on April 21, 2009, he alone made the discretionary decision to arrest her.

Williams alone made a discretionary decision to charge Ms. Kirkendoll with disorderly conduct pursuant to a Smyrna municipal ordinance. Williams alone made the discretionary decision to arrest and charge Ms. Kirkendoll with violation of a city ordinance violation rather than state charges for disorderly conduct or other charges which might have been applicable. It was not suggested to Williams, nor was he directed by Mayor Bacon or anyone else employed or affiliated with Smyrna to arrest and/or charge Ms. Kirkendoll with any violation of law.

Simply stated, there is no evidence that Bacon participated in the arrest, incarceration or prosecution of plaintiff. Williams has confirmed by affidavit that he was not counseled, encouraged, directed or ordered by Bacon or anyone else employed or affiliated with Smyrna to monitor, watch or harass Ms. Kirkendoll at said meeting or at any other time.

As such, there exists no evidence to support the proposition that Bacon violated any of plaintiff's rights under federal or state law. The applicable law in Georgia and the Eleventh Circuit as it pertains to allegations of false arrest, false imprisonment and malicious prosecution is well developed and the legal principles and standards to be applied in assessing such claims are clear. It is respectfully submitted that summary judgment is appropriate in the present case because there exists no genuine issue of material fact regarding said defendant's liability, no

3

evidence that he violated the plaintiff's constitutional or other federal or state rights.

For these reasons, Bacon prays that his motion be sustained, that summary judgment be entered in his favor, that the clerk be expressly directed to enter a final judgment in his favor pursuant to Rule 54(b) of the Federal Rules of Civil Procedure inasmuch as there exists no just reason for delay, and that he have such other and further relief as this Court deems just and proper in the circumstances.

### B.   Statement of Facts

In compliance with Rule 56.1(b) of the Local Rules of this Court, this defendant is filing contemporaneously herewith a separate statement of material facts as to which he contends there exist no genuine issues to be tried.  Citations to the record are included for the material facts referenced therein and, accordingly, citations to the record are not generally included in this memorandum.

### C.   Claims Presented

In her second amended verified complaint, plaintiff alleges federal and state law claims against defendants as follows:  (1) violation of her First and Fourth Amendment rights (counts 1 through 3), (2) violation of her civil rights pursuant to a conspiracy in violation of 42 U.S.C. § 1985 (count 4), (3) false imprisonment under state law (count 5), (4) false arrest under state law (count 6), (5) malicious

prosecution under state law (count 7), and "civil battery" (count 8).

This Court previously dismissed count 4 on January 10, 2012 pursuant to the intracorporate conspiracy doctrine. (Doc. 34).

II. **ARGUMENT AND CITATION OF AUTHORITY**

Because both federal law and state law claims are alleged, this defendant sets forth below the summary judgment standards under federal and state law, respectively.

A. **Federal Law Summary Judgment Standard**

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Fed.R.Civ.P. 56(c)*. Under Rule 56, the party seeking summary judgment must first inform the court of the basis for the motion, and the burden then shifts to the non-moving party to demonstrate why summary judgment would not be proper. *Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S.Ct. 2548, 2553 (1986); Fitzpatrick v. City of Atlanta, 2 F.3d 1112, 1115-17 (11th Cir. 1993)*.

The non-moving party must affirmatively set forth specific facts showing a genuine issue for trial and may not rest upon the mere allegations or denials of the

pleadings. *Fed.R.Civ.P. 56(e)*. The court's role at the summary judgment stage is not to weigh the evidence or to determine the truth of the matter, but rather to determine only whether a genuine issue exists for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249, 106 S.Ct. 2505, 2511 (1986). In doing so, the court must view the evidence in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348 (1986).

### B. State Law Summary Judgment Standard

Pursuant to *O.C.G.A. § 9-11-56*, summary judgment is appropriate whenever a party can demonstrate that there is no genuine issue as to any material fact, and that, as the moving party, they are entitled to judgment as a matter of law. *O.C.G.A. § 9-11-56*. In *Lau's Corp. v. Haskins*, 261 Ga. 491, 405 S.E.2d 474 *(1991),* the Supreme Court of Georgia noted the requirements necessary to prevail on summary judgment.

> A defendant may do this by showing the court that the documents, evidence, depositions and other evidence in the record reveal that there is no evidence sufficient to create a jury issue on at least one essential element of plaintiff's case. If there is no evidence sufficient to create a genuine issue as to any essential element of plaintiff's claim, that claim topples like a house of cards. All other disputes of fact are rendered immaterial.

*O.C.G.A. § 9-11-56 (c)*.

### C. All of Plaintiff's Claims Against Bacon Fail as a Matter of Law

The undisputed evidence before this Court establishes that Bacon did not violate plaintiff's constitutional rights and that Bacon has no liability to plaintiff arising from her arrest, incarceration, or prosecution. It is likewise undisputed that Bacon has no liability to plaintiff in connection with any force which may have been used to effectuate Ms. Kirkendoll's arrest.

For these reasons, it is respectfully submitted that Bacon is entitled to summary judgment with regard to all claims asserted against him herein. The allegations in the complaint seeking to impose liability on Bacon have been refuted by sworn testimony which has pierced the allegations in the complaint. The allegations that Bacon is liable for Ms. Kirkendoll's arrest based on an alleged conspiracy have been dismissed by Order of this Court. (Doc. 34). The record establishes beyond dispute that Williams made a discretionary decision to arrest Kirkendoll for conduct he personally observed, and that he made his decision in this regard without input or encouragement from Bacon. As such, Bacon is entitled to summary judgment in his favor with regard to all federal claims asserted against him as there is no evidence that he violated the plaintiff's federal rights.

### III. CONCLUSION

Wherefore, this defendant prays that the grounds of his motion be inquired

into and that said motion be sustained and granted; that summary judgment be entered in his favor with regard to all claims asserted against him herein, with all costs cast against plaintiff; that this Court expressly direct the clerk to enter a final judgment in Bacon's favor pursuant to Rule 54 (b) of the Federal Rules of Civil Procedure inasmuch as there exists no reason for delay; and that he have such other and further relief as this Court deems just and proper in the circumstances.

Respectfully submitted, this 10th day of April, 2012.

/s/Harvey S. Gray
Harvey S. Gray
Georgia Bar No.: 305838
Matthew A. Ericksen
Georgia Bar No.: 304088
Attorneys for Defendants
the City of Smyrna, Georgia
Max Bacon, Randy Black, Gerald F. Williams, R. B. Owens, Brent Thacker, J. C. Hutto, Lou G. Millsaps and Steve Branyon

**Gray, Rust, St. Amand, Moffett & Brieske, LLP**
1700 Atlanta Plaza
950 East Paces Ferry Road
Atlanta, Georgia 30326
(404) 870-7376 (Gray)
(404) 870-5955 (Ericksen)
(404) 870-7374 (Fax)
hgray@grsmb.com
mericksen@grsmb.com

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| MARY KIRKENDOLL, ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| v. ) | CIVIL ACTION |
| ) | FILE NO. 1:11-cv-01306-CAP |
| CITY OF SMYRNA, ) | |
| MAX BACON, Mayor, ) | |
| RANDY BLACK, and ) | |
| OFFICERS WILLIAMS, ) | |
| OWENS, THACKER, ) | |
| HUTTO, MILLSAPS, and ) | |
| BRANYON, Officers of the City of ) | |
| Smyrna Police Department, ) | |
| ) | |
| Defendants. ) | |

## **CERTIFICATE OF SERVICE**

This is to certify that I have this date filed the foregoing **MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT OF DEFENDANT MAX BACON** with the Clerk of Court via the CM/ECF system which automatically sends a service copy via email notification upon the following counsel of record:

Cynthia L. Counts
Counts Law Group
400 Colony Square, Suite 2020
1201 Peachtree Street, NE
Atlanta, Georgia 30361

Kenneth B. Hodges, III
Ashe, Rafuse & Hill, LLP
1355 Peachtree Street, N.E.
Suite 500
Atlanta, GA 30309

W. Gerald Weber
Law Offices of Gerry Weber, LLC
Post Office Box 5391
Atlanta, Georgia 31107

This 10th day April, 2012.

/s/Harvey S. Gray
Harvey S. Gray
Georgia Bar No.: 305838
Matthew A. Ericksen
Georgia Bar No.: 304088
Attorneys for Defendants
the City of Smyrna, Georgia
Max Bacon, Randy Black, Gerald F.
Williams, R. B. Owens, Brent
Thacker, J. C. Hutto, Lou G. Millsaps
and Steve Branyon

**Gray, Rust, St. Amand, Moffett & Brieske, LLP**
1700 Atlanta Plaza
950 East Paces Ferry Road
Atlanta, Georgia 30326
(404) 870-7376 (Gray)
(404) 870-5955 (Ericksen)
(404) 870-7374 (Fax)
hgray@grsmb.com
mericksen@grsmb.com

I:\604\226-Kirkendoll v. City of Smyrna\Pleadings\MSJs\MSJ Memorandum of Law- Bacon.doc