# EXHIBIT "A"

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| MARY KIRKENDOLL, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | CIVIL ACTION |
| | ) | FILE NO. 1:11-cv-01306-CAP |
| CITY OF SMYRNA, | ) | |
| MAX BACON, Mayor, | ) | |
| RANDY BLACK, and | ) | |
| OFFICERS WILLIAMS, | ) | |
| OWENS, THACKER, | ) | |
| HUTTO, MILLSAPS, and | ) | |
| BRANYON, Officers of the City of | ) | |
| Smyrna Police Department, | ) | |
| | ) | |
| Defendants. | ) | |

## AFFIDAVIT OF A. MAX BACON

Personally appeared before me, the undersigned officer duly authorized to administer oaths, A. Max Bacon, who, upon oath, deposes and states the following:

1.

My name is A. Max Bacon. I am suffering from no legal disabilities. I am over the age of 18 and the facts contained in this affidavit are based upon my personal knowledge.

1

2.

I am a citizen of the State of Georgia; I reside in Cobb County, Georgia.

3.

I have been the Mayor of the City of Smyrna since 1985.

4.

In my capacity as Mayor of Smyrna, I attended a town hall meeting at the Smyrna Community Center on April 21, 2009.  The purpose of the town hall was to present information to the public and to allow citizens to participate in a question and answer session with myself and members of the city council wherein written questions would be submitted by members of the public.

5.

It is my understanding that Mary Kirkendoll was present for part of the town hall meeting and that she was arrested that evening by Smyrna Officer Gerald Williams although I did not witness Ms. Kirkendoll's arrest or her interactions with Officer Williams.

6.

I was not aware that Officer Williams had arrested and charged Ms. Kirkendoll with any violation of law until the following day.

7.

I did not participate in the criminal prosecution of Ms. Kirkendoll in any manner.

8.

At no time prior to or during the April 21, 2009 meeting, did I counsel, suggest, direct, or order Gerald Williams or any Smyrna police officer or employee to arrest Ms. Kirkendoll.

9.

It is my understanding that Officer Williams made a discretionary decision, in his capacity as a law enforcement officer, duly certified as such, to arrest and charge Ms. Kirkendoll with violation of a Smyrna ordinance.

3

10.

At no time prior to or during the April 21, 2009 meeting, did I counsel, suggest, direct, or order Gerald Williams or any Smyrna police officer or employee to pay close attention to Ms. Kirkendoll or to harass her at any time.

Further affiant sayeth not, this /3 day of March, 2012.

_____

A. Max Bacon

Sworn to and subscribed before

me this 13ᵗʰ day

of March , 2012.

_____
Notary Public

My Commission Expires: 2\5\2014

I:\604\226-Kirkendoll v. City of Smyrna\Pleadings\Affidavits\Affidavit of Max Bacon.doc