IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| MARY KIRKENDOLL, ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| v. ) | CIVIL ACTION |
| ) | FILE NO. 1:11-cv-01306-CAP |
| CITY OF SMYRNA, ) | |
| MAX BACON, Mayor, ) | |
| RANDY BLACK, and ) | |
| OFFICERS WILLIAMS, ) | |
| OWENS, THACKER, ) | |
| HUTTO, MILLSAPS, and ) | |
| BRANYON, Officers of the City of ) | |
| Smyrna Police Department, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT OF DEFENDANT RANDY BLACK**

**I.     FACTS AND CLAIMS PRESENTED**

   **A.     Summary of Claims and Overview of Argument**

Although other derivative claims are asserted, the present case essentially asserts federal and state law claims arising from the arrest plaintiff Ms. Mary Kirkendoll ("Kirkendoll" or "plaintiff") outside of a Smyrna town hall meeting on April 21, 2009. The arrest was made by Smyrna police officer Gerald Williams, acting within his capacity as a duly certified law enforcement officer under the

laws of the State of Georgia. Randy Black, a POST certified police officer and captain in the Smyrna police department was not present at the town hall meeting on April 21, 2009, was not present when Ms. Kirkendoll was arrested and was not present when she was taken to jail. Black played no role whatsoever in connection with her arrest, incarceration or prosecution. Black has provided an affidavit in this regard which is being filed contemporaneously herewith in support of his motion.

Williams has testified by affidavit which is likewise being filed contemporaneously herewith. He avers that he alone made a discretionary decision, based on the conduct of Ms. Kirkendoll which he personally observed on April 21, to arrest Ms. Kirkendoll and charge her with violation of a Smyrna ordinance. Williams likewise confirms in his affidavit that it was not suggested to him, nor was he directed by anyone employed or affiliated with Smyrna to arrest and/or charge Ms. Kirkendoll with any violation of law and that he was not counseled, encouraged, directed or ordered by anyone employed or affiliated with Smyrna to monitor, watch or harass Ms. Kirkendoll at said meeting or at any other time.

There is no evidence that Black played any role whatsoever in connection with Williams' discretionary decision to arrest and charge plaintiff with any

violation of law. Likewise, Black had no involvement whatsoever in connection with the incarceration of Ms. Kirkendoll or her prosecution thereafter. As such, there exists no evidence in the record that Black violated Ms. Kirkendoll's rights under federal or state law in any manner and, as such, it is respectfully submitted he is entitled to have judgment entered in his favor as a matter of law with regard to all claims asserted against him herein.

The applicable law in Georgia and in the Eleventh Circuit as it pertains to claims for false arrest, false imprisonment and malicious prosecution is well developed and the legal principles and standards to be applied in assessing such claims are clear. It is respectfully submitted that summary judgment is appropriate in the present case because there exists no genuine issue of material fact to support any of the claims asserted herein against Black.

Moreover, with regard to the allegations made against Black, as discussed below, said allegations do not support any known federal claim and the doctrine of qualified immunity would insulate Black from liability in such event. Similarly, plaintiff's allegations against Black under state law do not support any claim for relief and such claims would fail in any event based on official function, discretionary immunity as provided to Black under the Constitution of the State of Georgia.

3

For the reasons discussed more fully below, this defendant prays that his motion be sustained and granted; that summary judgment be entered in his favor, with all costs cast against plaintiff; that this Court expressly direct the clerk to enter a final judgment in Black's favor pursuant to Rule 54 (b) of the Federal Rules of Civil Procedure inasmuch as there exists no just reason for delay; and that he have such other and further relief as this Court deems just and proper in the circumstances.

### B. Statement of Facts

In compliance with Rule 56.1(b) of the Local Rules of this Court, this defendant is filing contemporaneously herewith a separate statement of material facts as to which he contends there exist no genuine issues to be tried. Citations to the record are included for the material facts referenced therein and, accordingly, citations to the record are not generally included in this memorandum. Essentially, plaintiff alleges that she was wrongfully arrested on April 21, 2009, was wrongfully incarcerated thereafter and was wrongfully prosecuted pursuant to an unconstitutional municipal ordinance.

### C. Claims Presented

In her second amended verified complaint, plaintiff alleges federal and state law claims against defendants as follows: (1) violation of her First and Fourth Amendment rights (counts 1 through 3), (2) violation of her civil rights pursuant to

a conspiracy in violation of 42 U.S.C. § 1985 (count 4), (3) false imprisonment under state law (count 5), (4) false arrest under state law (count 6), (5) malicious prosecution under state law (count 7), and "civil battery" (count 8).

This Court previously dismissed count 4 on January 10, 2012 pursuant to the intra-corporate conspiracy doctrine.  (Doc. 34).

## II. ARGUMENT AND CITATION OF AUTHORITY

Because both federal law and state law claims are alleged, this defendant sets forth below the summary judgment standards under federal and state law, respectively.

### A. Federal Law Summary Judgment Standard

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Fed.R.Civ.P. 56(c)*.  Under Rule 56, the party seeking summary judgment must first inform the court of the basis for the motion, and the burden then shifts to the non-moving party to demonstrate why summary judgment would not be proper. *Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S.Ct. 2548, 2553 (1986); Fitzpatrick v. City of Atlanta, 2 F.3d 1112, 1115-17 (11th Cir. 1993).*

The non-moving party must affirmatively set forth specific facts showing a genuine issue for trial and may not rest upon the mere allegations or denials of the pleadings. *Fed.R.Civ.P. 56(e)*. The court's role at the summary judgment stage is not to weigh the evidence or to determine the truth of the matter, but rather to determine only whether a genuine issue exists for trial. *Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249, 106 S.Ct. 2505, 2511 (1986)*. In doing so, the court must view the evidence in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587, 106 S.Ct. 1348 (1986)*.

**B.** <u>**State Law Summary Judgment Standard**</u>

Pursuant to *O.C.G.A. § 9-11-56*, summary judgment is appropriate whenever a party can demonstrate that there is no genuine issue as to any material fact, and that, as the moving party, they are entitled to judgment as a matter of law. *O.C.G.A. § 9-11-56*. In *Lau's Corp. v. Haskins*, 261 Ga. 491, 405 S.E.2d 474 *(1991),* the Supreme Court of Georgia noted the requirements necessary to prevail on summary judgment.

> A defendant may do this by showing the court that the documents, evidence, depositions and other evidence in the record reveal that there is no evidence sufficient to create a jury issue on at least one essential element of plaintiff's case. If there is no evidence sufficient to create a genuine issue as to any essential element of

> plaintiff's claim, that claim topples like a house of cards. All other disputes of fact are rendered immaterial.

*O.C.G.A. § 9-11-56 (c)*.

### C. All of Plaintiff's Claims Against Black Fail as a Matter of Law

#### 1. Federal claims and qualified immunity

The undisputed evidence before this Court establishes that Black was not present at the Smyrna town hall meeting on April 21, 2009 when Kirkendoll was arrested. In fact, Black was at home during the incident described in the complaint and played no role whatsoever in the arrest, incarceration or prosecution of plaintiff. The undisputed evidence in the record further establishes that Smyrna police officer Gerald F. Williams ("Williams") arrested plaintiff based on conduct which he personally observed on April 21, 2009 and charged her with violation of a Smyrna municipal ordinance; and that he made a discretionary decision in his capacity as a duly certified police officer to arrest and charge her with a violation of law in this regard without input or encouragement from anyone, and certainly not from Black.

The plaintiff's 196 paragraph complaint only makes two specific allegations regarding Black: First, "Defendant Randy Black was at all times herein mentioned a police officer of the City of Smyrna Police Department. In that capacity he was

acting under color of state law during the relevant acts and omissions alleged herein. Defendant Black waived service of the Summons and Verified Complaint on April 26, 2011." (Doc. 1, ¶ 5). Second, "Smyrna Jail Manager Defendant Black has also chastised Ms. Kirkendoll when she went to the jail to retrieve public records. Defendant Black loudly called Ms. Kirkendoll a 'racist,' 'bigot,' and 'troublemaker' within earshot of several jail employees." (Doc. 1, ¶ 24). No date is provided regarding when such comments were allegedly made.

The remaining paragraphs in the complaint which include Black's name are not even substantive, are "based on information and belief," and seek to group him with other defendants rooted without any factual basis. (Doc. 1, ¶¶ 11, 18, 29-30, 83, 100-103, 118-119, 122, 127-128, 130, 150, 153). Thus, plaintiff sought to include Black as part of an alleged conspiracy claim in Court IV, however, it was determined by this Court that the civil conspiracy claim failed as a matter of law and was dismissed based on the intra-corporate conspiracy doctrine. (Doc. 34).

Accordingly, Black submits that the only substantive allegation plaintiff makes against him is that at some unknown time, certainly not on the night of the subject incident or in any manner related to said incident, allegedly had a conversation with Ms. Kirkendoll when she appeared at the jail to retrieve public records where he allegedly called her a "racist," "bigot," and "troublemaker."

This allegation does not support any claim for relief against Black under state or federal law and no claim based on this alleged conduct is even asserted.

Based on the undisputed facts in the record, all federal claims against Black fail as a matter of law because there is no evidence that he violated plaintiff's constitutional or other federal rights in any manner. *See, e.g., Adickes v. S. H. Kress & Co., 398 U.S. 144, 90 S.Ct. 1598 (1970)* (plaintiff must "prove that the defendant has deprived him of a right secured by the 'Constitution and laws of the United States'"). It is respectfully submitted that Black is entitled to summary judgment in his favor with regard to all federal claims asserted against him for this reason.

Qualified immunity offers "complete protection for government officials sued in their individual capacities as long as 'their conduct violates no clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Thomas v. Roberts, 261 F.3d 1160, 1170 (11th Cir. 2001), quoting Harlow v. Fitzgerald, 457 U.S. 800, 818, 102 S.Ct. 2727, 2738, 73 L.Ed.2d 396 (1982).* "The relevant, dispositive inquiry in determining whether a right is clearly established is whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted." *Bashir v. Rockdale County, 445 F.3d 1323, 1330 (11th Cir. 2006) quoting Saucier v. Katz, 533 U.S. 194, 202, 121 S.Ct.*

9

*2151, 2156 (2001)*. Qualified immunity allows government officials to carry out their discretionary duties without the fear of personal liability or harassing litigation, *Anderson v. Creighton, 483 U.S. 635, 638, 107 S.Ct. 3034, 3038, 97 L.Ed.2d 523 (1987),* and protects from suit "all but the plainly incompetent or one who is knowingly violating the federal law." *Willingham v. Loughnan, 261 F.3d 1178, 1187 (11th Cir. 2001).* Thus, even if assuming arguendo that plaintiff could establish that Black's statements violated any of her constitutional rights, this defendant would still be entitled to summary judgment on the basis of qualified immunity.

The possible application of qualified immunity should be considered in the early stages of litigation as it is "an immunity from suit rather than a mere defense to liability." *Mitchell v. Forsyth, 472 U.S. 511, 526, 105 S.Ct. 2806 (1985)*. Moreover, "the 'driving force' behind creation of the qualified immunity doctrine was a desire to ensure that 'insubstantial claims' against government officials [will] be resolved prior to discovery.'" *Pearson v. Callahan, 555 U.S. 223, 129 S.Ct. 808 (2009) quoting Anderson v. Creighton, 483 U.S. 635, 107 S.Ct. 3034, 97 L.Ed.2d 523 (1987).*

Where a public official establishes that he was acting within the scope of his discretionary authority, the burden shifts to plaintiff to show that her constitutional

rights were violated by said defendant and that said rights were clearly established. *See, Lee v. Ferraro, 284 F.3d 1188 (11th Cir. 2002); Saucier v. Katz, 533 U.S. 194, 201, 121 S.Ct. 2151, 2156, 150 L.Ed.2d 272 (2001)* ("If the law did not put the officer on notice that his conduct would be clearly unlawful, summary judgment based on qualified immunity is appropriate"). Plaintiff has made no showing, nor can she, that any comment allegedly made to her by Black to the effect that she was a racist, bigot or trouble maker, at some point in time either before or after her arrest and in no manner related thereto, violated her federal rights or that the applicable law was clearly established that the alleged conduct attributed to Black in this regard was unconstitutional. As such, Black respectfully submits that he is entitled to summary judgment with regard to all federal claims asserted against him on this additional basis.

**2. State law claims and official function, discretionary immunity**

Similarly, Black respectfully submits that he is entitled to summary judgment as to all of plaintiff's state law claims because there is no evidence that he played any role in the arrest, incarceration or prosecution of Ms. Kirkendoll. Plaintiff's state law claims for false imprisonment, false arrest, malicious prosecution and civil battery are all intentional torts. *See, O.C.G.A. §§ 51-7-1, 51-7-20, 51-7-40, Hendricks v. Southern Bell Telephone & Telegraph Co., 193*

*Ga.App. 264, 387 S.E.2d 593 (1989).* Plaintiff's sole factual allegation that Black spoke with her, at some undetermined time and unconnected with her arrest in this case, and used specific language towards her when she went to the jail to procure public records, is insufficient to meet *any* of the required elements of the state law claims enumerated in her complaint. Moreover, even if plaintiff had sufficiently alleged that Black's conduct violated her state law rights, this defendant would still be entitled to summary judgment on the basis of official function, discretionary immunity.

*Article I, Section II, Paragraph IX* of the Constitution of the State of Georgia provides public officials with immunity for actions undertaken in the performance of their discretionary official functions, provided that they not act with actual malice or actual intent to injure equivalent to a deliberate intention to do wrong. *See, Selvy v. Morrison, 292 Ga.App. 702, 704-705, 665 S.E.2d 401 (2008); Valedes v. Uslu, 301 Ga.App. 885, 890, 689 S.E.2d 338 (2009)* ("under Georgia law, a public officer may be personally liable only for ministerial acts negligently performed or for discretionary acts performed with malice or an intent to injure"). The Georgia Court of Appeals has described the meaning of actual malice in the context of official immunity under the Georgia Constitution as follows:

> [I]n the context of official immunity, actual malice requires a

> *deliberate intention to do wrong and express malice or malice fact*. Actual malice does not include implied malice, or the reckless disregard for the rights and safety of others. A deliberate intention to do wrong such as to constitute the actual malice necessary to overcome official immunity must be the intent to cause the harm suffered by the plaintiffs. Likewise, [t]he phrase 'actual intent to cause injury' has been defined in a tort context to mean an actual intent to cause harm to the plaintiff, not merely an intent to do the act purportedly resulting in the claimed injury. This definition of intent contains aspects of malice, perhaps a wicked or evil motive. (emphasis supplied) (internal citations omitted).

*Selvy v. Morrison, 292 Ga.App. 702, 704-705, 665 S.E.2d 401 (2008).*

In *Selvy, supra,* a plaintiff asserted claims of assault, battery, false arrest and false imprisonment against three police officers which were all barred by official immunity. The evidence viewed in favor of the plaintiff supported the following facts concerning the conduct of the officers after they executed a warrant arresting plaintiff's fiancé: the first police officer yelled, "fuck this shit, arrest that bitch too!"; the second police officer grabbed plaintiff and twisted her arm back before slamming her face into the wall; the third police rushed in and kicked out the plaintiff's legs and inadvertently struck plaintiff's child in the process; that same officer told the plaintiff "look what you did to your kid, you stupid bitch"; the plaintiff was handcuffed and arrested even though she did not curse at the officers or resist arrest; and the plaintiff was charged with a city ordinance disorderly conduct violation. *Id at 703*.

13

Plaintiff appealed the trial court's summary judgment ruling on the basis of official immunity and asserted that a jury could find that the officers acted with actual malice or actual intent to cause injury towards her. The Court of Appeals affirmed the trial court's ruling and held that the officers could only be liable for their discretionary arrest actions if they had actual malice and, "in the context of official immunity, actual malice requires a deliberate intention to do wrong and denotes express malice or malice in fact. Actual malice does not include implied malice, or the reckless disregard for the rights and safety of others. A deliberate intention to do wrong such as to constitute the actual malice to overcome official immunity must be the intent to cause the harm suffered by the plaintiffs." *Id quoting Adams v. Hazelwood, 271 Ga. 414, 414-415, 520 S.E.2d 896 (1999); Murphy v. Bajjani, 282 Ga. 197, 203, 647 S.E.2d 54 (2007)*. The court found that the evidence viewed in favor of the plaintiff did not support a finding of actual malice and thus the claims were barred by official immunity, even where the officers struck the plaintiff and repeatedly called her a "bitch."

Black respectfully submits that malice and an actual intent to injure cannot be inferred from any comments he allegedly made to plaintiff in the nature of his opinion. Black's communications with plaintiff when she was present to obtain public documents involved a discretionary decision on his part. There exists no

evidence that Black acted with actual malice or actual intent to injure Kirkendoll equivalent to a deliberate intention to do wrong in any event. As such, it is submitted that Black is entitled to summary judgment with regard to all state law claims on the merits and based on official function, discretionary immunity.

## III. <u>CONCLUSION</u>

Wherefore, this defendant prays that the grounds of his motion be inquired into and that said motion be sustained and granted; that summary judgment be entered in his favor with regard to all claims asserted against him herein, with all costs cast against plaintiff; that this Court expressly direct the clerk to enter a final judgment in Black's favor pursuant to Rule 54 (b) of the Federal Rules of Civil Procedure inasmuch as there exists no just reason for delay; and that he have such other and further relief as this Court deems just and proper in the circumstances.

Respectfully submitted, this 10th day of April, 2012.

/s/Harvey S. Gray
Harvey S. Gray
Georgia Bar No.: 305838
Matthew A. Ericksen
Georgia Bar No.: 304088
Attorneys for Defendants
the City of Smyrna, Georgia
Max Bacon, Randy Black, Gerald F. Williams, R. B. Owens, Brent Thacker, J. C. Hutto, Lou G. Millsaps and Steve Branyon

**Gray, Rust, St. Amand, Moffett & Brieske, LLP**
1700 Atlanta Plaza
950 East Paces Ferry Road
Atlanta, Georgia 30326
(404) 870-7376 (Gray)
(404) 870-5955 (Ericksen)
(404) 870-7374 (Fax)
hgray@grsmb.com
mericksen@grsmb.com

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| MARY KIRKENDOLL, ) <br> ) <br>    Plaintiff ) <br> ) <br> v. ) <br> ) <br> CITY OF SMYRNA, ) <br> MAX BACON, Mayor, ) <br> RANDY BLACK, and ) <br> OFFICERS WILLIAMS, ) <br> OWENS, THACKER, ) <br> HUTTO, MILLSAPS, and ) <br> BRANYON, Officers of the City of ) <br> Smyrna Police Department, ) <br> ) <br>    Defendants. ) | CIVIL ACTION <br> FILE NO. 1:11-cv-01306-CAP |

## **CERTIFICATE OF SERVICE**

This is to certify that I have this date filed the foregoing **MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT OF DEFENDANT RANDY BLACK** with the Clerk of Court via the CM/ECF system which automatically sends a service copy via email notification upon the following counsel of record:

Cynthia L. Counts
Counts Law Group
400 Colony Square, Suite 2020
1201 Peachtree Street, NE
Atlanta, Georgia 30361

Kenneth B. Hodges, III
Ashe, Rafuse & Hill, LLP
1355 Peachtree Street, N.E.
Suite 500
Atlanta, GA 30309

W. Gerald Weber
Law Offices of Gerry Weber, LLC
Post Office Box 5391
Atlanta, Georgia 31107

This 10th day April, 2012.

/s/Harvey S. Gray
Harvey S. Gray
Georgia Bar No.: 305838
Matthew A. Ericksen
Georgia Bar No.: 304088
Attorneys for Defendants
the City of Smyrna, Georgia
Max Bacon, Randy Black, Gerald F.
Williams, R. B. Owens, Brent
Thacker, J. C. Hutto, Lou G. Millsaps
and Steve Branyon

**Gray, Rust, St. Amand, Moffett & Brieske, LLP**
1700 Atlanta Plaza
950 East Paces Ferry Road
Atlanta, Georgia 30326
(404) 870-7376 (Gray)
(404) 870-5955 (Ericksen)
(404) 870-7374 (Fax)
hgray@grsmb.com
mericksen@grsmb.com

I:\604\226-Kirkendoll v. City of Smyrna\Pleadings\MSJs\MSJ Memorandum of Law- Black.doc