# EXHIBIT "B"

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| MARY KIRKENDOLL, )<br>)<br>   Plaintiff )<br>)<br>v. )<br>)<br>CITY OF SMYRNA, )<br>MAX BACON, Mayor, )<br>RANDY BLACK, and )<br>OFFICERS WILLIAMS, )<br>OWENS, THACKER, )<br>HUTTO, MILLSAPS, and )<br>BRANYON, Officers of the City of )<br>Smyrna Police Department, )<br>)<br>   Defendants. ) | CIVIL ACTION<br>FILE NO. 1:11-cv-01306-CAP |

## AFFIDAVIT OF GERALD F. WILLIAMS

Personally appeared before me, the undersigned officer duly authorized to administer oaths, Gerald F. Williams, who, upon oath, deposes and states the following:

1.

My name is Gerald F. Williams. I am suffering from no legal disabilities. I am over the age of 18 and the facts contained in this affidavit are based upon my personal knowledge.

2.

I am a citizen of the State of Georgia; I reside in Cobb County, Georgia.

3.

I have been a POST certified police officer in Georgia since 2001. I am currently employed as a police officer in the police department for the City of Smyrna.

4.

I attended the April 21, 2009 town hall meeting at the Smyrna Community Center in my capacity as a police officer as directed by my supervisor, Sergeant Chastain.

5.

Based on the conduct of Ms. Kirkendoll which I personally observed on April 21, 2009, I made a discretionary decision in my capacity as a duly certified police officer to arrest her.

6.

I also made a discretionary decision in my capacity as a duly certified police officer on said date to charge Ms. Kirkendoll with disorderly conduct pursuant to a Smyrna municipal ordinance.

7.

I made the decision to arrest and charge Ms. Kirkendoll with a violation of a city ordinance violation rather than state charges and my decision in this regard was mine alone, without input or encouragement from anyone.

8.

It was not suggested to me, nor was I directed by Mayor Bacon or anyone else employed or affiliated with Smyrna to arrest and/or charge Ms. Kirkendoll with any violation of law.

9.

I was not counseled, encouraged, directed or ordered by Mayor Bacon or anyone else employed or affiliated with Smyrna to monitor, watch or harass Ms. Kirkendoll at said meeting or at any other time.

10.

Prior to the April 21, 2009 meeting, I did not know Ms. Kirkendoll and at no time did I act with actual malice or actual intent to injure her nor did I act with any deliberate intention to do wrong with regard to her.

11.

I definitely could smell an odor of alcohol emanating from Ms. Kirkendoll during my interactions with her on April 21, 2009.


12.

I believed on April 21, and continue to believe, that her arrest was supported by probable cause and was lawful based on the totality of evidence available to me at that time.

Further affiant sayeth not, this ___29___ day of March, 2012.

_____
Gerald F. Williams

Sworn to and subscribed before me this 29th day of March, 2012.

_____
Notary Public

My Commission Expires: Feb. 5, 2014

[Notary Seal: SANDRA W. OVERSTREET, NOTARY PUBLIC, COBB COUNTY, GEORGIA, EXPIRES FEB. 5, 2014]

I:\604\226-Kirkendoll v. City of Smyrna\Pleadings\Affidavits\Affidavit of Williams-alternative.doc