IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| MARY KIRKENDOLL, ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| v. ) | CIVIL ACTION |
| ) | FILE NO. 1:11-cv-01306-CAP |
| CITY OF SMYRNA, ) | |
| MAX BACON, Mayor, ) | |
| RANDY BLACK, and ) | |
| OFFICERS WILLIAMS, ) | |
| OWENS, THACKER, ) | |
| HUTTO, MILLSAPS, and ) | |
| BRANYON, Officers of the City of ) | |
| Smyrna Police Department, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT OF DEFENDANT BRENT THACKER**

**I.  FACTS AND CLAIMS PRESENTED**

  **A.  Summary of Claims and Overview of Argument**

Although other derivative claims are asserted, the present case essentially asserts federal and state law claims arising from the arrest plaintiff Ms. Mary Kirkendoll ("Kirkendoll" or "plaintiff") outside of a Smyrna town hall meeting on April 21, 2009. The arrest was made by Smyrna police officer Gerald Williams, acting within his capacity as a duly certified law enforcement officer under the

laws of the State of Georgia.

Brent Thacker, a POST certified police officer employed as a corporal with the Smyrna Police Department, has provided an affidavit which is being filed contemporaneously herewith regarding his actions on April 21. As averred therein, he did not attend the April 21 town hall meeting and was not present when Ms. Kirkendoll was arrested. He was working as a police officer that evening and went to the Smyrna Community Center to pick up an arrestee for transport to the Smyrna Jail. When he arrived, Thacker made contact with several Smyrna police officers who were standing by a female, later identified as Mary Kirkendoll, who had already been arrested and who was already in handcuffs. Other officers placed Ms. Kirkendoll into the back seat of Officer Thacker's vehicle following which he transported her to the Smyrna Jail. After officers at the jail took custody of Ms. Kirkendoll, Thacker left the jail and went back into service. Thacker was not involved in the decision to arrest or prosecute Ms. Kirkendoll and did not even know her prior to that evening.

There is no evidence that Thacker played any role in connection with Williams' discretionary decision to arrest and charge plaintiff with any violation of law. Likewise, Thacker had no involvement in connection with the decision to incarcerate Ms. Kirkendoll or to prosecute her thereafter. As such, there exists no

evidence in the record that Thacker violated Ms. Kirkendol's rights under federal or state law in any manner and it is respectfully submitted that he is entitled to have judgment entered in his favor as a matter of law with regard to all claims asserted against him herein.

The applicable law in Georgia and in the Eleventh Circuit as it pertains to claims for false arrest, false imprisonment and malicious prosecution is well developed and the legal principles and standards to be applied in assessing such claims are clear. It is respectfully submitted that summary judgment is appropriate in the present case because there exists no genuine issue of material fact regarding any claims asserted herein against Thacker.

Moreover, Thacker is shielded from liability in connection with the federal claims asserted against him based on the doctrine of qualified immunity. With regard to the state law claims, no evidence exists to support any state law claims against Thacker and he is entitled to official function, discretionary immunity as provided to him under the Constitution of the State of Georgia in any event.

For the reasons discussed more fully below, this defendant prays that his motion be sustained and granted; that summary judgment be entered in his favor, with all costs cast against plaintiff; that this Court expressly direct the clerk to enter a final judgment in Black's favor pursuant to Rule 54 (b) of the Federal Rules of Civil

Procedure inasmuch as there exists no just reason for delay; and that he have such other and further relief as this Court deems just and proper in the circumstances.

B. **Statement of Facts**

In compliance with Rule 56.1(b) of the Local Rules of this Court, this defendant is filing contemporaneously herewith a separate statement of material facts as to which he contends there exist no genuine issues to be tried. Citations to the record are included for the material facts referenced therein and, accordingly, citations to the record are not generally included in this memorandum.

C. **Claims Presented**

In her second amended verified complaint, plaintiff alleges federal and state law claims against defendants as follows: (1) violation of her First and Fourth Amendment rights (counts 1 through 3), (2) violation of her civil rights pursuant to a conspiracy in violation of 42 U.S.C. § 1985 (count 4), (3) false imprisonment under state law (count 5), (4) false arrest under state law (count 6), (5) malicious prosecution under state law (count 7), and "civil battery" (count 8).

This Court previously dismissed count 4 on January 10, 2012 pursuant to the intracorporate conspiracy doctrine. (Doc. 34).

## II. ARGUMENT AND CITATION OF AUTHORITY

Because both federal law and state law claims are alleged, this defendant sets forth below the summary judgment standards under federal and state law, respectively.

### A. Federal Law Summary Judgment Standard

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Fed.R.Civ.P. 56(c)*. Under Rule 56, the party seeking summary judgment must first inform the court of the basis for the motion, and the burden then shifts to the non-moving party to demonstrate why summary judgment would not be proper. *Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S.Ct. 2548, 2553 (1986); Fitzpatrick v. City of Atlanta, 2 F.3d 1112, 1115-17 (11th Cir. 1993).*

The non-moving party must affirmatively set forth specific facts showing a genuine issue for trial and may not rest upon the mere allegations or denials of the pleadings. *Fed.R.Civ.P. 56(e)*. The court's role at the summary judgment stage is not to weigh the evidence or to determine the truth of the matter, but rather to determine only whether a genuine issue exists for trial. *Anderson v. Liberty Lobby,*

*Inc.*, 477 U.S. 242, 249, 106 S.Ct. 2505, 2511 (1986). In doing so, the court must view the evidence in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348 (1986).

### B. State Law Summary Judgment Standard

Pursuant to *O.C.G.A. § 9-11-56*, summary judgment is appropriate whenever a party can demonstrate that there is no genuine issue as to any material fact, and that, as the moving party, they are entitled to judgment as a matter of law. *O.C.G.A. § 9-11-56*. In *Lau's Corp. v. Haskins*, 261 Ga. 491, 405 S.E.2d 474 *(1991),* the Supreme Court of Georgia noted the requirements necessary to prevail on summary judgment.

> A defendant may do this by showing the court that the documents, evidence, depositions and other evidence in the record reveal that there is no evidence sufficient to create a jury issue on at least one essential element of plaintiff's case. If there is no evidence sufficient to create a genuine issue as to any essential element of plaintiff's claim, that claim topples like a house of cards. All other disputes of fact are rendered immaterial.

*O.C.G.A. § 9-11-56 (c).*

## C. All of Plaintiff's Claims Against Thacker Fail as a Matter of Law

### 1. Federal claims and qualified immunity

The undisputed evidence before this Court establishes that Thacker was working in his capacity as a police officer on the evening of April 21, 2009 when dispatch advised him to go to the Smyrna Community Center to pick up an arrestee for transport to the Smyrna Jail. Thacker traveled to the Smyrna Community Center where he made contact with several Smyrna police officers who were standing near a female who was already in handcuffs. The female had already been arrested before Thacker arrived and he did not participate in her arrest in any manner.

Other Smyrna police officers placed this female, who Thacker now knows to have been Ms. Mary Kirkendoll, into the back seat of his police vehicle. Thacker transported Ms. Kirkendoll to the Smyrna Jail where she was booked in without incident. Thacker had no physical contact with Ms. Kirkendoll at any time other than possibly offering her assistance in getting out of his police vehicle when they arrived at the Smyrna Jail and into the booking area. After other officers at the jail took custody of Ms. Kirkendoll, Thacker went back into service and had no further involvement with her. Thacker did not participate in the decision to arrest or prosecute Ms. Kirkendoll. Prior to April 21, 2009, Thacker did not know Ms.

Kirkendoll and at no time did he act with actual malice or actual intent to injure her or act with any deliberate intention to do wrong with regard to her.

The undisputed evidence in the record further establishes that Smyrna police officer Gerald F. Williams ("Williams") arrested the plaintiff based on her conduct which he personally observed on April 21, 2009 and charged her with violation of a Smyrna municipal ordinance; and that he made a discretionary decision in his capacity as a duly certified police officer to arrest and charge her with a violation of law in this regard without input or encouragement from anyone and certainly not from Thacker.

Thacker was not involved in any manner in connection with the discretionary decision by Williams to arrest and charge Kirkendoll with any violation of law. Thacker was not present when plaintiff was detained, questioned, arrested or charged. As such, all federal claims against Thacker fail as a matter of law because there is no evidence that his actions violated the plaintiff's constitutional or other federal rights in any manner. *See, e.g., Adickes v. S. H. Kress & Co., 398 U.S. 144, 90 S.Ct. 1598 (1970)* (plaintiff must "prove that the defendant has deprived him of a right secured by the 'Constitution and laws of the United States"). As such, he is entitled to summary judgment in his favor with regard to all federal claims asserted against him.

Qualified immunity offers "complete protection for government officials sued in their individual capacities as long as 'their conduct violates no clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Thomas v. Roberts, 261 F.3d 1160, 1170 (11th Cir. 2001), quoting Harlow v. Fitzgerald, 457 U.S. 800, 818, 102 S.Ct. 2727, 2738, 73 L.Ed.2d 396 (1982).* "The relevant, dispositive inquiry in determining whether a right is clearly established is whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted." *Bashir v. Rockdale County, 445 F.3d 1323, 1330 (11th Cir. 2006) quoting Saucier v. Katz, 533 U.S. 194, 202, 121 S.Ct. 2151, 2156 (2001).* Qualified immunity allows government officials to carry out their discretionary duties without the fear of personal liability or harassing litigation, *Anderson v. Creighton, 483 U.S. 635, 638, 107 S.Ct. 3034, 3038, 97 L.Ed.2d 523 (1987),* and protects from suit "all but the plainly incompetent or one who is knowingly violating the federal law." *Willingham v. Loughnan, 261 F.3d 1178, 1187 (11th Cir. 2001).* Thus, even if plaintiff could establish that Thacker violated her constitutional rights, this defendant would still be entitled to summary judgment on the basis of qualified immunity.

The possible application of qualified immunity should be considered in the early stages of litigation as it is "an immunity from suit rather than a mere defense

to liability." *Mitchell v. Forsyth, 472 U.S. 511, 526, 105 S.Ct. 2806 (1985)*. Moreover, "the 'driving force' behind creation of the qualified immunity doctrine was a desire to ensure that 'insubstantial claims' against government officials [will] be resolved prior to discovery.'" *Pearson v. Callahan, 555 U.S. 223, 129 S.Ct. 808 (2009) quoting Anderson v. Creighton, 483 U.S. 635, 107 S.Ct. 3034, 97 L.Ed.2d 523 (1987)*.

To invoke qualified immunity, the public official first must establish that he was acting within the scope of his discretionary authority. *Bates v. Harvey, 518 F. 3d 1233, 1242 (11th Cir. 2008)*. Actions are within the scope of an official's discretionary authority if the actions were "(1) undertaken pursuant to the performance of his duties, and (2) within the scope of his authority." *Harbert Int'l Inc. v. James, 157 F.3d 1271, 1282 (11th Cir. 1998)*.

Thacker was clearly acting within the scope of his discretionary authority, in furtherance of his official duties and within the scope of his authority as a certified police officer, when he responded to the incident location after Kirkendoll had already been arrested and charged, and transported her to the Smyrna Jail for booking. Having shown that this defendant was acting within the scope of his discretionary authority, the burden shifts to plaintiff to show that her constitutional rights were violated by said defendant and that said rights were clearly established.

*See, Lee v. Ferraro, 284 F.3d 1188 (11th Cir. 2002); Saucier v. Katz, 533 U.S. 194, 201, 121 S.Ct. 2151, 2156, 150 L.Ed.2d 272 (2001)* ("If the law did not put the officer on notice that his conduct would be clearly unlawful, summary judgment based on qualified immunity is appropriate"). There exists no clearly established applicable law that Thacker's actions violated Ms. Kirkendoll's rights in any manner. As such, the federal claims fail against Thacker fail on the merits and any federal claims against him are barred by the doctrine of qualified immunity in any event.

### 2. State law claims and official function, discretionary immunity

Similarly, Thacker respectfully submits that he is entitled to summary judgment as to all of plaintiff's state law claims because there is no evidence that he falsely arrested, incarcerated or prosecuted Ms. Kirkendoll. Plaintiff's state law claims for false imprisonment, false arrest, malicious prosecution and civil battery are all intentional torts. *See, O.C.G.A. §§ 51-7-1, 51-7-20, 51-7-40, Hendricks v. Southern Bell Telephone & Telegraph Co., 193 Ga.App. 264, 387 S.E.2d 593 (1989).* Thacker played no role in the arrest and prosecution of Ms. Kirkendoll. The undisputed evidence before this Court establish that Thacker committed no act sufficient to render him liable to plaintiff under any of the theories of recovery identified in the second amended complaint. Moreover, even if plaintiff had

sufficiently stated a claim against Thacker arising from his discretionary action in transporting Kirkendoll to the Smyrna jail, he would still be entitled to summary judgment on the basis of official function, discretionary immunity.

*Article I, Section II, Paragraph IX* of the Constitution of the State of Georgia provides public officials with immunity for actions undertaken in the performance of their discretionary official functions, provided that they not act with actual malice or actual intent to injure equivalent to a deliberate intention to do wrong. *See, Selvy v. Morrison, 292 Ga.App. 702, 704-705, 665 S.E.2d 401 (2008); Valedes v. Uslu, 301 Ga.App. 885, 890, 689 S.E.2d 338 (2009)* ("under Georgia law, a public officer may be personally liable only for ministerial acts negligently performed or for discretionary acts performed with malice or an intent to injure"). Unquestionably, a decision by a police officer to respond to an incident scene and transport an arrestee to jail involves discretion. Moreover, Thacker did not know Ms. Kirkendoll and, as such, he could not possibly have acted with actual malice or actual intent to injure Kirkendoll.

The Georgia Court of Appeals has described the meaning of actual malice in the context of official immunity under the Georgia Constitution as follows:

> [I]n the context of official immunity, actual malice requires a *deliberate intention to do wrong and express malice or malice fact*. Actual malice does not include implied malice, or the reckless

> disregard for the rights and safety of others. A deliberate intention to do wrong such as to constitute the actual malice necessary to overcome official immunity must be the intent to cause the harm suffered by the plaintiffs. Likewise, [t]he phrase 'actual intent to cause injury' has been defined in a tort context to mean an actual intent to cause harm to the plaintiff, not merely an intent to do the act purportedly resulting in the claimed injury. This definition of intent contains aspects of malice, perhaps a wicked or evil motive. (emphasis supplied) (internal citations omitted).

*Selvy v. Morrison, 292 Ga.App. 702, 704-705, 665 S.E.2d 401 (2008).*

There exists no evidence that Thacker acted with actual malice or actual intent to injure Kirkendoll equivalent to a deliberate intention to do wrong. As such, Thacker is entitled to summary judgment with regard to all state law claims asserted against him based on official function, discretionary immunity.

## III. **CONCLUSION**

Wherefore, this defendant prays that the grounds of his motion be inquired into and that said motion be sustained and granted; that summary judgment be entered in his favor with regard to all claims asserted against him herein, with all costs cast against plaintiff; that this Court expressly direct the clerk to enter a final judgment in Thacker's favor pursuant to Rule 54 (b) of the Federal Rules of Civil Procedure inasmuch as there exists no just reason for delay; and that he have such other and further relief as this Court deems just and proper in the circumstances.

Respectfully submitted, this 10th day of April, 2012.

/s/Harvey S. Gray
Harvey S. Gray
Georgia Bar No.: 305838
Matthew A. Ericksen
Georgia Bar No.: 304088
Attorneys for Defendants
the City of Smyrna, Georgia
Max Bacon, Randy Black, Gerald F.
Williams, R. B. Owens, Brent
Thacker, J. C. Hutto, Lou G. Millsaps
and Steve Branyon

**Gray, Rust, St. Amand, Moffett & Brieske, LLP**
1700 Atlanta Plaza
950 East Paces Ferry Road
Atlanta, Georgia 30326
(404) 870-7376 (Gray)
(404) 870-5955 (Ericksen)
(404) 870-7374 (Fax)
hgray@grsmb.com
mericksen@grsmb.com

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| MARY KIRKENDOLL, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | CIVIL ACTION |
| | ) | FILE NO. 1:11-cv-01306-CAP |
| CITY OF SMYRNA, | ) | |
| MAX BACON, Mayor, | ) | |
| RANDY BLACK, and | ) | |
| OFFICERS WILLIAMS, | ) | |
| OWENS, THACKER, | ) | |
| HUTTO, MILLSAPS, and | ) | |
| BRANYON, Officers of the City of | ) | |
| Smyrna Police Department, | ) | |
| | ) | |
| Defendants. | ) | |

## **CERTIFICATE OF SERVICE**

This is to certify that I have this date filed the foregoing **MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT OF DEFENDANT BRENT THACKER** with the Clerk of Court via the CM/ECF system which automatically sends a service copy via email notification upon the following counsel of record:

Cynthia L. Counts
Counts Law Group
400 Colony Square, Suite 2020
1201 Peachtree Street, NE
Atlanta, Georgia 30361

Kenneth B. Hodges, III
Ashe, Rafuse & Hill, LLP
1355 Peachtree Street, N.E.
Suite 500
Atlanta, GA 30309

W. Gerald Weber
Law Offices of Gerry Weber, LLC
Post Office Box 5391
Atlanta, Georgia 31107

This 10th day April, 2012.

/s/Harvey S. Gray
Harvey S. Gray
Georgia Bar No.: 305838
Matthew A. Ericksen
Georgia Bar No.: 304088
Attorneys for Defendants
the City of Smyrna, Georgia
Max Bacon, Randy Black, Gerald F.
Williams, R. B. Owens, Brent
Thacker, J. C. Hutto, Lou G. Millsaps
and Steve Branyon

**Gray, Rust, St. Amand, Moffett & Brieske, LLP**
1700 Atlanta Plaza
950 East Paces Ferry Road
Atlanta, Georgia 30326
(404) 870-7376 (Gray)
(404) 870-5955 (Ericksen)
(404) 870-7374 (Fax)
hgray@grsmb.com
mericksen@grsmb.com

I:\604\226-Kirkendoll v. City of Smyrna\Pleadings\MSJs\MSJ Memorandum of Law- Thacker.doc